BECKER ET AL. *v.* UNITED STATES ET AL.

No. A–918.   Decided May 29, 1981

JUSTICE REHNQUIST, Circuit Justice.

Applicants claimed depreciation, investment credits, and other expenses on their federal income tax returns with respect to certain videotapes. The Internal Revenue Service issued summonses directing the production of the videotapes and, on the appointed date, applicants appeared before the IRS agent with the videotapes. They agreed to permit the agent to examine, play, and otherwise inspect the videotapes

for as long as desired, but only in their presence, and declined to leave the videotapes in the possession of the agent. Not satisfied with such an arrangement, the IRS brought an enforcement proceeding under 26 U. S. C. §§ 7402 (b) and 7604 (a).

The United States District Court for the Eastern District of California ordered applicants to turn over the videotapes as demanded by the IRS. Applicants filed notices of appeal and moved the District Court to stay its judgment pending appeal. They offered to post a supersedeas bond and argued in their memorandum in support that they were entitled to a stay under Federal Rule of Civil Procedure 62 (d) upon posting of such bond. This Rule provides:

> "*Stay upon appeal.* When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court."

The exceptions mentioned in Rule 62 (a) are injunction cases, receivership cases, and patent infringement cases in which an accounting has been ordered. The District Court denied the motion for a stay and the Court of Appeals for the Ninth Circuit denied a subsequent motion for a stay.

Applicants thereupon filed the instant application for a stay pending appeal of the District Court judgment to the Court of Appeals. I granted a temporary stay and called for a response from the United States. That response has now been received and, upon examination of it and the relevant authorities, I have decided to continue the stay pending further action by the full Court.

Pursuant to Federal Rule of Civil Procedure 81 (a)(3), the Federal Rules apply "to proceedings to compel the giving of

testimony or production of documents in accordance with a subpoena issued by an officer or agency of the United States under any statute of the United States except as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings." In *Donaldson* v. *United States*, 400 U. S. 517, 528–529 (1971), however, we ruled that Rule 81 (a)(3) and prior language in *United States* v. *Powell*, 379 U. S. 48, 58, n. 18 (1964), to the effect that the Rules apply in summons enforcement proceedings were "not intended to impair a summary enforcement proceeding so long as the rights of the party summoned are protected and an adversary hearing, if requested, is made available." When gathering testimony, the need for summary enforcement of IRS summonses is clear and justifies dispensing with Federal Rules which might interfere with that task. The question here is whether the Government's enforcement order includes more than mere testimony, as broadly as we have construed the word "testimony" in cases such as *United States* v. *Euge*, 444 U. S. 707 (1980); *United States* v. *Dionisio*, 410 U. S. 1 (1973); *United States* v. *Mara*, 410 U. S. 19 (1973); and *Schmerber* v. *California*, 384 U. S. 757 (1966). If the effect of the summons enforcement proceeding is to take what is potentially income-producing property of the respondent rather than merely require him to produce evidence, the need to proceed summarily is less clear, as is the justification for dispensing with otherwise applicable provisions of the Federal Rules.

If the Federal Rules do apply, it should be noted that whether the automatic stay provisions of Rule 62 (d) or the discretionary stay provisions of Rule 62 (c) apply will have no effect on applicants' case once its merits are decided by the Court of Appeals for the Ninth Circuit, before which it is presently pending. While I am not fully convinced by the submissions of either the applicants or the Government on this point, I do not think it can be said that applicants' position is totally unwarranted. The Government devotes only

one page of its nine-page response to this contention, and its treatment of the subject is not altogether persuasive. The language of Rule 62 (d) seems clear, and the enumerated exceptions do not include tax summons enforcement proceedings. *Expressio unius est exclusio alterius.* Contrary to the Government's assertion, an order enforcing an IRS summons is not the "equivalent" of a mandatory injunction—and hence within the exceptions to Rule 62 (d)—simply because the coercive power of the court is invoked. The only authority directly in point supports applicants' contention. *United States* v. *Neve,* 80 F. R. D. 461 (ED La. 1978). But cf. *FTC* v. *TRW, Inc.,* 202 U. S. App. D. C. 207, 210, n. 3, 628 F. 2d 207, 210, n. 3 (1980) (dictum criticizing District Court for granting stay as of right under Rule 62 (d) in Federal Trade Commission subpoena enforcement proceeding).

The question before me in my capacity as Circuit Justice, however, is not simply whether applicants were entitled to a stay from the District Court or from the Court of Appeals pursuant to Rule 62 (d), but rather whether I should now continue in effect a stay previously entered to protect the ultimate jurisdiction of this Court in the event that applicants' case is decided adversely to them by the Court of Appeals, and they petition this Court for certiorari. See 28 U. S. C. § 1651 (a). It is at this point that the Rules of Civil Procedure, the summons enforcement proceedings of the Internal Revenue Code, and the extent of my authority under 28 U. S. C. § 1651 (a) do not nicely mesh. Once the Court of Appeals decides the merits of the case, it will not be relevant to either party whether a stay should have been granted pending appeal, and Rule 62 (d) by its terms speaks only to such stays. Thus, the Rule 62 (d) question will "wash out" after decision on the merits by the Court of Appeals, unless applicants can persuade at least four Justices of this Court that the issue is one "capable of repetition, yet evading review" and therefore not moot. Yet if a decision of the Court of Appeals is favorable to the applicants on the merits of

their claim, it would make the unavailability of any stay pending appeal pursuant to the posting of an appropriate supersedeas bond a hardship on them and others similarly situated. This hardship may be of some weight in deciding whether to grant a stay pending decision by the Court of Appeals and a subsequent petition for certiorari by applicants in the event the decision is unfavorable to them.

The question applicants present before the Court of Appeals, as I understand it, is whether a taxpayer who has offered to make available to the IRS on conditions unsatisfactory to the Service videotaped material which is not merely "evidence" but is also "property" with which applicant conducts business, may be compelled by the IRS to relinquish possession of the property. Title 26 U. S. C. § 7602 (1) confers authority on the IRS to examine "any books, papers, records, or other data which may be relevant or material" to an inquiry into a taxpayer's liability. The videotapes do not appear to be such records or data; rather, they are applicants' copies of the asset itself. Under 26 U. S. C. § 7606 the IRS can *examine* objects subject to tax such as these videotapes. Requiring applicants to relinquish possession of the asset subject to tax as opposed to records *concerning* that asset would seem to be tantamount to ruling that a taxpayer must upon demand relinquish possession of a building to the IRS simply because he claimed depreciation on the building. The Government relies on *United States* v. *Davey,* 543 F. 2d 996, 999 (CA2 1976), which held that the IRS could compel production of taxpayer's financial records which were on computer tape, but the computer tape in that case was not the asset in question but rather simply the form in which records were kept.

I am by no means convinced of the correctness of the position of either party, and neither the District Court nor the Court of Appeals entered more than a minute order by way of explanation of their action in denying a stay. Obviously, as pointed out in *Donaldson,* the IRS must retain its au-

thority to conduct summary enforcement proceedings if large amounts of properly taxable income are not to evade taxation. But in this case no deficiency has been assessed by the IRS, and the summary provisions for the seizure of actual assets which are then authorized by statute have not yet become available to the Government. This is not the typical case with which the Court has dealt in the last few years, culminating in *United States* v. *LaSalle National Bank,* 437 U. S. 298 (1978), where the Government is seeking to inspect purely evidentiary or testimonial material—from which the taxpayer would derive no monetary benefit by retaining it in his possession—and the taxpayer denies the Government access to that evidence on grounds of privilege or the like. Obviously the taxpayer cannot simply write his own ticket as to the manner in which relevant nonprivileged evidence shall be made available to the IRS; but it seems to me that until the Government has gathered sufficient information to invoke its summary seizure authority, there are probably four Justices of this Court who would vote to grant certiorari to determine whether the IRS may, pursuant to its summons authority, acquire and indefinitely retain material which is not merely books and records relevant for purposes of determining the correctness of the taxpayer's income tax return, but which is also property which the taxpayer uses for the production of income.

The balance of equities tips heavily in favor of applicants. If a stay is not granted, applicants will be required to turn over their videotapes and their appeal may well become moot, particularly if the IRS completes its investigation prior to decision by the Court of Appeals. Much of the harm applicants contend will result from turning their videotapes over to the IRS will not be remediable if a stay is denied here and applicants eventually prevail. Applicants will lose the use of their videotapes as a sales promotional device for the time they are in the possession of the IRS.

Injury to the Government, on the other hand, seems to me minimal in this case. Applicants have already agreed, at the request of the IRS, to extend the statute of limitations. They have made the videotapes available to the Service for examination, and have indicated no hesitancy to continue to do so, albeit on terms which the Government regards as unsatisfactory.

My conclusions, however, are not entertained without considerable doubt. It is, as the Government has pointed out in its response, highly unusual for a Circuit Justice to stay an order of the District Court while an appeal from that order is pending in the Court of Appeals. Were I convinced that either the District Court or the Court of Appeals thought it had the usual discretion to grant the stay in question, but nonetheless declined to exercise that discretion, the proverbial "stay equities" might well fall on the other side of the line. The decisions below not to grant a stay, however, may have been based on the view that this was an ordinary tax summons enforcement proceeding, a view which at least four Justices of this Court may not share. For these reasons I shall continue the stay in effect, subject to the posting of the supersedeas bond approved as to form and amount by the District Court, until the question may be reviewed at the next regularly scheduled Conference of the full Court on June 4, 1981.

*It is so ordered.*