**J. PEREZ & Cia., INC., Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. No. 80–2011 GG.**

United States District Court, D. Puerto Rico.

Jan. 25, 1984.

Antonio Cordova Gonzalez, Angel Manuel Ciordia, San Juan, P.R., for plaintiff.

Roger Weiner, Sp. Asst. U.S. Atty., San Juan, P.R., for defendants.

### OPINION AND ORDER

GIERBOLINI, District Judge.

The facts of this case are uncontroverted. On August 11, 1980 plaintiff was disqualified from participating in the Department of Agriculture's Food Stamp Program for a period of sixty days. On March 29, 1982 the undersigned affirmed the administrative decision after trial *de novo*. Thereafter, on April 13, 1982 plaintiff filed a notice of appeal in this case. On April 14, 1982 the parties entered into a stipulation whereby plaintiff offered to file a supersedeas bond of $12,500 in consideration of the government's acquiescence to the stay of judgment. On May 11, 1982 we approved said stipulation and ordered the filing of the supersedeas bond. On July 1982 Congress discontinued the Food Stamp Program. In fact, all parties concerned were fully aware of the impending termination of the program at the time the notice of appeal and the supersedeas bond were filed. On December 29, 1982 the United States Court of Appeals for the First Circuit affirmed our Order of March 29, 1982. Thereafter, on September 15, 1983 defendant filed a motion requesting the forfeiture of the $12,500 supersedeas bond in its favor. We granted said motion on October 31, 1983. Plaintiff has filed a motion for reconsideration together with a memorandum of law; defendant opposed reconsideration.

Defendant alleges that our Order of October 31, 1983 forfeiting the bond is an impermissible modification of the administrative decision to disqualify plaintiff for sixty days. Plaintiff, on the other hand, argues that the forfeiture of the $12,500 is lawful because the bond is adequate compensation for a suspension that would otherwise be moot.

 It is well settled that federal courts have statutory or inherent power to stay judgments and orders pending appeal. Rule 62(d) of the Federal Rules of Civil Procedure; Rule 8(b) of the Federal Rules of Appellate Procedure; All Writs Act, 28 U.S.C. Section 1651; 11 Wright and Miller, pp. 325–32. Rule 62(d) of the Federal Rules of Civil Procedure provides for a stay of judgment upon appeal if a supersedeas bond is filed.[1] This matter-of-right stay as its name indicates supersedes the right of enforcement of the previous judgment. Traditionally, the supersedeas bond has been confined to money judgments from which a writ of execution can issue. *Hovey v. McDonald*, 109 U.S. 150, 3 S.Ct. 136, 27 L.Ed. 888 (1883). Nonetheless, as in the case at bar, it can also be employed to stay non-money judgments upon appeal.

1. Rule 62(d) provides:

 (d) Stay Upon Appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

2. Rule 73(d) provides:

 (d) Supersedeas Bond. Whenever an appellant entitled thereto desires a stay on appeal, he may present to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. The bond shall be conditioned for the satisfaction of the judgment in full together with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest, and damages as the appellate court may adjudge and award. When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such

*See City of Shelbyville v. Glover*, 184 F. 234, 240 (6th Cir.1910); *Matter of Theatre Holding Corp.*, 22 B.R. 884 (Bkrtcy.N.Y. 1982).

 The purpose of the supersedeas bond is to secure the appellee from loss resulting from stay of execution. *Federal Prescription Service, Inc. v. American Pharmaceutical Association*, 636 F.2d 755, 760 (D.C.Cir.1980); *Poplar Grove Planting & Refining v. Bache Halsey Stuart*, 600 F.2d 1189, 1190 (5th Cir.1979). The bond operates to appellant's advantage and deprives the appellee of the immediate benefits of his judgment. The form and amount of the bond is not specified in Rule 62(d), but its predecessor, Rule 73(d) provided in part that the amount of the bond be computed by the district court to include the whole amount of the judgment, costs on appeal, interest, and damages for delay.[2] In addition, the judgment itself can be satisfied out of the supersedeas bond. *Tully v. Kerguen*, 304 F.Supp. 1225 (D.V.I. 1969). *See also* Fed.R.App.P. 8.

 Applying the preceding case law to the facts herein, we readily find that defendant was entitled to the bond. To so hold is not an impermissible modification of

sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond. When the judgment determines the disposition of the property in controversy as in real actions, replevin, and actions to foreclose mortgages or when such property is in the custody of the marshal or when the proceeds of such property or a bond for its value is in the custody or control of the court, the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay. A separate supersedeas bond need not be given, unless otherwise ordered, when the appellant has already filed in the district court security including the event of appeal, except for the difference in amount, if any.

Although Rule 73(d) was abrogated when the Federal Rules of Appellate Procedure were established, its standard is still vital. *Poplar Grove, supra*, at 1191; *United States v. Kurtz*, 528 F.Supp. 1113 (E.D.Pa.1981).

an administrative determination as plaintiff avers. Plaintiff itself, and not the court, equated the sixty-day suspension to the $12,500 bond. It posted the sum to guarantee the judgment, costs and damages that defendant could suffer from stay of execution. *Poplar Grove, supra.* The amount deposited reflects the monetary value which plaintiff gave to the judgment. By way of the stipulation, plaintiff agreed thus that the judgment entered by the court in addition to eventual costs and damages was worth $12,500 to defendant. Plaintiff is now bound by its decision and is estopped from alleging otherwise.[3] Defendant is entitled to the forfeiture of the bond in its favor.

█ Finally, plaintiff was suspended from participating in the Food Stamp Program for various violations of Code of Federal Regulations, Sections 270, et seq. Nevertheless, as a result first of the supersedeas bond, and second of the foreseeable discontinuation of the Food Stamp Program, plaintiff has never been sanctioned for the violations it committed. As a result of the two-month suspension, plaintiff was to be deprived of reaping the benefits of participating in the program, an economic loss which it has yet to suffer. Plaintiff cannot expect to remain unpunished because of such a fortuitous turn of events. Thus, our decision confirming the forfeiture of the bond remedies this inequitable situation, as plaintiff will be penalized for the violations it committed.

In view of the above, it is ordered that plaintiff's motion requesting reconsideration of our Order of October 31, 1983 be and is hereby denied.

SO ORDERED.

---

3. Similarly, plaintiff's allegation that the government has not demonstrated that it actually suffered a $12,500 loss is without merit. As explained, the stipulation gave the judgment obtained by defendant a value of $12,500. The government thus need not now show actual damages. In fact, to do so would be impossible since the government has not suffered monetary setback.