J. PEREZ & CIA., INC.,
Plaintiff, Appellant,

v.

UNITED STATES of America, et al.,
Defendants, Appellees.

No. 84–1186.

United States Court of Appeals,
First Circuit.

Argued Oct. 1, 1984.

Decided Nov. 7, 1984.

Diana Lopez Feliciano, Guaynabo, P.R., with whom Antonio Cordova Gonzalez, San Juan, P.R., was on brief for plaintiff, appellant.

Osvaldo Carlo Linares, Asst. U.S. Atty., Hato Rey, P.R., with whom Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., was on brief for defendants, appellees.

Before COFFIN, Circuit Judge, TIMBERS,* Senior Circuit Judge, and BREYER, Circuit Judge.

BREYER, Circuit Judge.

The appellant, J. Perez & Cia., Inc. ("Perez"), is a grocery business that participated in the federal food stamp program. The Department of Agriculture found that the business repeatedly violated program rules.

* Of the Second Circuit, sitting by designation.

And, it decided to suspend Perez from the program for two months. Perez sought judicial review of the Department's decision; the federal district court found the decision lawful; and Perez decided to appeal. Perez and the Department agreed to a stay of the suspension pending appeal. Perez posted a $12,500 "supersedeas bond," stipulating that the bond was "in consideration of the Government's acquiescence" to the stay. This court affirmed the district court on the merits in an unpublished opinion. *Perez & Cia., Inc. v. United States*, No. 82–1356 (1st Cir. Dec. 29, 1982). But, by that time the Department had terminated the relevant food stamp program. Since there no longer existed a program to suspend Perez from, the Department asked for the $12,500 secured by the bond. The district court ordered Perez to forfeit the bond money. 578 F.Supp. 1318. And Perez now appeals from that "forfeiture" decision.

The parties here argue in part about the district court's power to authorize a bond to secure nonmonetary relief. The bond was posted under Fed.R.Civ.P. 62. The district court apparently believed the bond fell within the scope of subsection (d), which states that when

an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . .

This particular subsection, however, is likely aimed at money judgments, the value of which can be calculated and secured with relative ease. *See Donovan v. Fall River Foundry Co.*, 696 F.2d 524, 526 (7th Cir. 1982). A case in which a party seeks review of an agency's suspension order, in which the court can either permit the order to take effect or forbid the agency from enforcing it, is more naturally viewed as a case involving an order to do, or not to do, something (that is, involving something like an injunction) rather than a case involving a money judgment. *Cf. Donovan v. Fall River Foundry Co. supra* (order to submit to government health inspection). Thus,

the applicable subsection is more likely to be (c), which provides

> When an appeal is taken from a ... judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

*See Cappaert Enterprises v. Citizens & Southern International Bank of New Orleans,* 564 F.Supp. 214, 217 n. 3 (D.La. 1983).

■ We need not decide definitely, however, which subsection applies, for the district court possesses adequate power under Rule 62 to require a bond that will "protect an enforceable judgment" in favor of its winner, *Redding & Co. v. Russwine Construction Corp.,* 417 F.2d 721, 727 (D.C. Cir.1969), and protect the winner from any subsequent harm suffered through appellate delay, whether or not the judgment is monetary in nature. *Federal Prescription Service, Inc. v. American Pharmaceutical Association,* 636 F.2d 755, 760 (D.C.Cir. 1980); *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1190–91 (5th Cir.1979); *Cappaert Enterprises v. Citizens and Southern International Bank of New Orleans, supra. Cf. Matter of Theatre Holding Corp.,* 22 B.R. 884, 885 (Bankr.S.D.N.Y.1982) (bond for nonmonetary judgment under bankruptcy rules). The issue here is not one of the court's power to act; it is one of interpreting the court's action. What were the conditions of the stay that the court originally ordered? To be more specific, what were the bond forfeiture conditions? And, since the district court simply ratified the agreement of the parties, the issue is what terms of forfeiture the parties intended. *See Aviation Credit Corporation v. Conner Air Lines, Inc.,* 307 F.2d 685, 688 (5th Cir.1962), *cert. denied,* 371 U.S. 954, 83 S.Ct. 510, 9 L.Ed.2d 501 (1962) (extent of liability under supersedeas bond to be determined in accordance with real or presumed intention of parties).

Appellant argues that the only purpose of the bond was to compensate the Department for the actual harm it suffered through appeal. In fact, appellant argued to the district court that the bond was in reality one for appellate costs under Fed.R. App.P. 7 (Bond for Costs on Appeal in Civil Cases). It says that the harm suffered by not being able to suspend appellant has no monetary equivalent; since the program has ended, suspension is now beside the point. And, the district court agreed that the Department "has not suffered monetary setback."

■ On the other hand, the delay, by preventing punishment where warranted, interferes at least in a general way, with the 'deterrence' objective of the Department's law enforcement programs. The district court specifically found that the parties intended the $12,500 to represent the abstract value of the suspension judgment to the Department and to be forfeited should the program terminate before the appeal was decided. There is evidence in support of that conclusion.

For one thing, the parties' joint stipulation for a stay used the term "supersedeas bond." The term "supersedeas bond" traditionally describes a bond designed to secure the value of the judgment, not a bond that simply secures costs on appeal. Former Fed.R.Civ.P. 73(d), for example, described a supersedeas bond as one

> conditioned for the satisfaction of the judgment in full together with costs, interest, and damages for delay ... as the appellate court may adjudge and award.

For another thing, the parties knew before the appeal that termination of the food stamp program was likely. Further, the Department filed an affidavit stating in some detail how the $12,500 figure was arrived at, namely, by calculating the sort of monetary penalty that the Department believed equivalent to the two-month suspension. Although the affidavit does not state that appellant was aware of this calculation, appellant does not deny awareness. Instead, it argues that the "parol

evidence rule" bars the affidavit (a fallacious argument, since the affidavit is being used to explain the written agreement, not to contradict it, *Porto Rico Gas & Coke Co. v. Frank Rullan & Associates*, 189 F.2d 397, 405 (1st Cir.1951), citing *Sarria v. Alvarez & Co.*, 38 P.R.R. 813, 827 (1928)). Finally, appellant did not seek a hearing or seek to adduce any additional evidence designed to show that it did not understand that the full $12,500 was to be forfeited.

Although this evidence supporting the district court's finding is not overwhelmingly strong, we believe it an adequate basis for a lower court, familiar with the controversy, to conclude that the parties intended the forfeiture that was enforced to be a condition of the stay that the court allowed. The judgment of the district court is therefore

*Affirmed.*