**NATIONAL LABOR RELATIONS BOARD, Plaintiff–Appellee,**

v.

**Hank WESTPHAL, Defendant–Appellant.**

No. 88–5984.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 1988.

Decided Oct. 21, 1988.

---

Before NELSON, NORRIS and HALL, Circuit Judges.

PER CURIAM:

This motion for a stay pending appeal presents the issue of whether a party appealing an order directing compliance with NLRB subpoenas is entitled to a stay of the order, as a matter of right under Fed. R.Civ.P. 62(d), upon the filing of a supersedeas bond.

After instituting unfair labor practice charges against Westphal, the NLRB served a *subpoena ad testificandum* and a *subpoena duces tecum* upon Westphal. Westphal refused to appear and give testimony and to produce the requested records. Accordingly, the NLRB applied for an order enforcing the subpoenas. On April 5, 1988, the district court held that the NLRB had shown sufficient cause to require Westphal to obey the subpoenas and ordered him to comply. Westphal moved for a stay under Fed.R.Civ.P. 62(d) pending appeal to this court, which the district court denied.

Rule 62(d) provides: "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule." Rule 62(a) provides that, "Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent," shall not be stayed pending appeal. Westphal contends that because the district court order is not an injunction, receivership, or patent infringement, he is entitled to a stay.

Although little authority addresses the issue, we find persuasive the Seventh Circuit's reasoning in *Donovan v. Fall River Foundry Co.*, 696 F.2d 524 (7th Cir.1982). In *Donovan*, the district court ordered Fall River Foundry to permit an Occupational Safety and Health Administration (OSHA) inspection of the company's plant. The

company moved for a stay under Rule 62(d), which the court denied. In construing Rule 62, the court noted: "The reference in Rule 62(d) to supersedeas bond suggests that had the framers thought about the point they would have limited the right to an automatic stay to cases where the judgment being appealed from was a 'money judgment.'" *Donovan*, 696 F.2d at 526. The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment.

When applied to a subpoena compliance order, this protection is largely meaningless. It would be difficult to calculate the size of a bond necessary to compensate the NLRB for the delay in getting testimony and documents. Rule 62(d) simply does not fit this situation. *See Federal Trade Comm'n v. TRW, Inc.*, 628 F.2d 207, 210 n. 3 (D.C.Cir.1980).[1]

Westphal's reliance on *Becker v. United States*, 451 U.S. 1306, 101 S.Ct. 3161, 68 L.Ed.2d 828 (1981) is misplaced. In *Becker* an IRS subpoena enforcement case, Justice Rehnquist stayed the production of property that the taxpayer used for the production of income. The reference to Rule 62(d), however, was in dicta because Justice Rehnquist admitted that he did not need to reach the issue of whether Rule 62(c) or (d) applied. *Becker*, 451 U.S. at 1309, 101 S.Ct. at 3163.

As appellant has not moved for a stay under Rule 62(c), we need not reach that issue. Appellant's motion for a stay is denied.

---

**1.** The only authority supporting Westphal's position is *United States v. Neve*, 80 F.R.D. 461 (E.D.La.1978), which we do not find persuasive.