862 F.2d 313
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harry BRUMMER, Plaintiff-Appellant
v.
BOARD OF ADJUSTMENT of the CITY OF ASHEVILLE, John M. Acee,
Chairman of the Board of Adjustment, individually, All Other
Board Members, Individually, Raymond Myers, Individually and
wife, Raymond Myers, Mrs.,, H.M. Heywood, individually and
wife, Pauline G. Heywood, Defendants-Appellees.
Harry BRUMMER, Plaintiff-Appellant,
v.
BOARD OF ADJUSTMENT of the CITY OF ASHEVILLE, John M. Acee,
Chairman of the Board of Adjustment, individually, All Other
Board Members, Individually, Raymond Myers, Raymond Myers,
Mrs., H.M. Heywood, Pauline G. Heywood, Defendants-Appellees.
Harry BRUMMER, Plaintiff-Appellant,
v.
BOARD OF ADJUSTMENT of the CITY OF ASHEVILLE, John M. Acee,
Chairman of the Board of Adjustment, individually, All Other
Board Members, Individually, Raymond Myers, individually,
and wife,, Raymond Myers, Mrs., H.M. Heywood, individually,
and wife,, Pauline G. Heywood, Defendants-Appellees.
 Nos. 88-2069, 88-2111 and 88-2157.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1988.
Decided Nov. 9, 1988.
 
 Harry Brummer, appellant pro se.
 Max Oliver Cogburn, Sr., Isaac N. Northrup, Jr., Roberts, Stevens & Cogburn, Pa, Allan R. Gitter, Womble, Carlyle, Sandridge & Rice, Joseph P. McGuire, McGuire, Wood, Worley & Bissette, P.A., William F. Slawter, City Attorney's Office, Roy W. Davis, Jr., Van Winkle, Buck, Wall, Starnes & Davis, Pa., Max Oliver Cogburn, Jr., Office of U.S. Attorney, for appellees.
 Before DONALD RUSSELL, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 In these consolidated appeals, Harry Brummer seeks review of orders entered by the district court in his breach of contract action filed pursuant to diversity of citizenship jurisdiction, 28 U.S.C. Sec. 1332. The appellees have filed motions to dismiss in Nos. 88-2069 and 88-2111, and for an award of sanctions under Fed.R.App.P. 38 in No. 88-2111. We dismiss in part and affirm in part.
 
 
 2
 In No. 88-2069, Brummer seeks to appeal the district court's judgment for the defendants on their counterclaims asserted against him, which was entered pursuant to a jury verdict. He also seeks to appeal the dismissal of his claims against the defendants and the disposition of various post-trial motions. The appellees have filed a motion to dismiss this appeal. As Brummer noted the appeal outside the 30-day period established by Fed.R.Civ.P. 4(a)(1), and failed to move for an extension of the appeal period within the additional 30-day period provided by Fed.R.App.P. 4(a)(5), we grant the motion to dismiss as it relates to the appeal from the judgment on the merits entered December 23, 1987.
 
 
 3
 The only order timely appealed from in No. 88-2069 is an order filed February 26, 1988, which denied Brummer's motion for relief from a previous order which had denied a reduction in the amount of the supersedeas bond set by the district court to stay execution of the judgment. We have serious doubts as to the appealability of this order. However, assuming that it is appealable, this Court has not been presented with a reason to disturb the order. Requiring a supersedeas bond and setting its amount are matters lying within the sound discretion of the district court. See Miami Int'l Realty Co. v. Paynter, 807 F.2d 871, 873-74 (10th Cir.1986); Lightfoot v. Walker, 797 F.2d 505, 507 (7th Cir.1986); J. Perez & CIA., Inc. v. United States, 747 F.2d 813, 815 (1st Cir.1984). Nothing in the record suggests that the district court abused its discretion in setting the amount of the bond required in this case to stay execution of the judgment pending appeal. Accordingly, we affirm the district court's order setting the amount of the supersedeas bond required.
 
 
 4
 In Nos. 88-2111 and 88-2157, Brummer seeks to appeal several post-judgment orders of the district court. We dismiss these appeals for lack of jurisdiction because the orders appealed from are interlocutory. The orders related to the court's ongoing supervision of Brummer's compliance with an order of specific performance entered by the district court in the underlying case, and to the assessment of attorney's fees and expenses against Brummer pursuant to Fed.R.Civ.P. 11. As the district court retained jurisdiction over the cause to enter additional orders, these appeals must be dismissed. See 28 U.S.C. Secs. 1291, 1292; Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949); Fox v. Capital Co., 299 U.S. 105 (1936). Accordingly, although we deny the appellees' motion for sanctions under Fed.R.App.P. 38, we grant the motion to dismiss filed in No. 88-2111.
 
 
 5
 A motion to strike Brummer's "Final Brief" and exhibits has been filed by the appellees. This motion is denied.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and argument would not aid our resolution of the issues.
 
 
 7
 DISMISSED IN PART; AFFIRMED IN PART.