Janet METZ, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 88–1271–C.

United States District Court, D. Kansas.

March 27, 1990.

Robert C. Foulston, Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., for plaintiff.

Benjamin L. Burgess, U.S. Atty., Wichita, Kan., Gigi M. Fowler, U.S. Dept. of Justice, Seth G. Heald, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

MEMORANDUM AND ORDER

CROW, District Judge.

This case comes before the court on plaintiff's motion for stay of execution of judgment upon appeal. The court previously entered judgment in favor of the defendant, holding that the real property owned by the plaintiff is subject to fore-

closure and sale under the defendant's statutory tax lien. The court subsequently denied the plaintiff's motion to alter or amend the judgment.

"Fed.R.Civ.P. 62(d) allows for a stay pending appeal if the appellant files a supersedeas bond. The stay is a matter of right." *United States v. Wylie*, 730 F.2d 1401, 1402, n. 2 (11th Cir.1984). The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interest, costs, and damages for delay. It is incumbent upon the moving party to objectively demonstrate good cause for any departure from this general rule. *Poplar Grove, Etc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir.1979). D.Kan. Rule 221 provides that "a supersedeas bond staying execution of a money judgment shall, unless the court otherwise directs, be in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay." District courts have inherent discretionary authority in setting supersedeas bonds. *Miami Intern. Realty Co. v. Paynter*, 807 F.2d 871 (10th Cir.1986). Fed.R.Civ.P. 62 has been construed to apply to nonmonetary judgments as well as monetary judgements. *See, e.g., J. Perez & Cia., Inc. v. United States*, 578 F.Supp. 1318, 1320 (D.P.R.1984), *aff'd on other grounds*, 747 F.2d 813 (1st Cir.1984).

The plaintiff offers a supersedeas bond, without surety, which promises payment of appeal costs of $500, and which commits her to continue to pay all ad valorem taxes and insure the real property against fire and other casualty. The offered bond also commits the plaintiff to refrain from selling, assigning, transferring, conveying, or encumbering the real property. The defendant agrees that a bond for the full value of the property is unnecessary because a lien in its favor now exists on the house. The defendant argues however, that the bond proposed by the plaintiff is inadequate. The defendant requests that in addition to the bond offered by the plaintiff, the court should order that the supersedeas bond, with surety, include two years of interest on the current value of the property, which is estimated to be $195,000, and 15% of the current value of the property to protect against depreciation in the value of the property while the appeal is pending. The defendant also argues that to fully protect its interest in the property that it should be added as an additional insured on the plaintiff's fire and casualty policy.

In support of her proposed bond, the plaintiff cites *United States v. Mansion House Center Redevelopment Co.*, 682 F.Supp. 446 (E.D.Mo.1988). *Mansion House* is not binding authority. Furthermore, there is an important distinction between *Mansion House* and the case at bar. In *Mansion House*, the plaintiff was already in possession of the properties it foreclosed upon. 682 F.Supp. at 450. Because of this, the court in *Mansion House* found that no bond amount was required with respect to future rents and profits or with respect to possible deterioration or waste to the properties. In contrast, the plaintiff in the case at bar remains in possession of the property foreclosed upon by the defendant. If the court accepted the bond as proposed by the plaintiff, the plaintiff would be residing rent-free in the house during the pendency of the appeal.

The court will grant the plaintiff's motion for a stay of execution of judgment pending appeal provided that the plaintiff give a supersedeas bond, with surety, in the amount of $39,500. This amount represents a $500 bond for the costs of appeal and a $39,000 bond for the approximate rental value of the property pending the appeal. This amount was arrived at by taking 10% of $195,000 and multiplying that amount by two years. A bond for interest and depreciation in value will not be required. In addition, as a condition of the stay, the plaintiff shall not sell, assign, transfer, convey, or encumber the property at issue. The plaintiff shall also pay all ad valorem taxes on the property and will keep the property insured against fire and casualty during the pendency of the appeal. The defendant shall be added as an additional insured on the plaintiff's fire and

casualty policy so the defendant's rights are fully protected.

IT IS THEREFORE ORDERED that the plaintiff's motion for stay of execution of the judgment pending appeal is granted, conditioned upon the plaintiff providing a supersedeas bond as outlined in the preceding paragraph within 30 days from the date of this order.