**In re CAPITAL WEST INVESTORS, a California Limited Partnership, Debtor.**

**No. C–95–11MISC EFL.**

United States District Court, N.D. California.

April 12, 1995.

---

J. Christopher Kohn, U.S. Dept. of Justice, Commercial Litigation Branch, Civ. Div., Washington, DC, for U.S.

Craig M. Prim, Murray & Murray, Palo Alto, CA, for debtor.

### ORDER DENYING STAY PENDING APPEAL

LYNCH, District Judge.

The United States of America, on behalf of the Department of Housing and Urban Development ("HUD"), seeks a stay pending appeal of a bankruptcy court order confirming the Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code. At a March 24 hearing on the matter, the Court denied the United States' motion for a discretionary stay, and submitted the question whether the United States is entitled to a stay as a matter of right. Whether an agency of the United States is entitled to such a stay from an order of the kind at bar is an issue of first impression in the Ninth Circuit. For reasons set out below, the Court holds that HUD, as an agency of the United States, is not entitled to a stay as a matter of right.

### FACTS

Capital West Investors, the Debtor, is a single asset limited partnership owning a multifamily housing project in Fremont, California (the "Project"). Riggs National Bank of Washington, Trustee ("Riggs"), whose interest in this matter is represented by its servicing agent, Reilly ("Reilly"), holds a first Deed of Trust Note on the Project in the amount of approximately $2,600,000.[1] HUD insures Reilly's Deed of Trust pursuant to § 221(d)(4) of the National Housing Act.

The bankruptcy court issued a Memorandum Opinion on July 23, 1994, holding that the Debtor's Plan of Reorganization ("the Plan") was confirmable. On October 21, 1994, that court entered an order confirming the Plan (the "Plan") over Reilly's objection. HUD filed a Notice of Appeal in the bankruptcy court on February 23, 1995, and elected to pursue its appeal in district court, rather than before the Bankruptcy Appellate Panel.

HUD appears to appeal those portions that confirm Plan provisions (1) altering the first Deed of Trust Note on the Project to eliminate the requirements that the Debtor (a) pay mortgage insurance and (b) service junior deeds from cash surplus only; (2) excising language that permits HUD, in the event it acquires title to the Project, to terminate the liens of junior mortgage holders; and (3) entitling Reilly to a lesser rate of interest (albeit the same rate as on its pre-existing Note) on its Note than the rate provided the holders of other Deed of Trust Notes.

### DISCUSSION

According to the United States, HUD is entitled to a stay as a matter of right under Federal Rule of Civil Procedure 62, because the Order directs the payment of money. According to the Debtor, HUD is not entitled to a stay as a matter of right pending appeal of the Order, because HUD lacks standing to appeal the Order and because an appellant is not entitled to a stay of right from an order confirming an plan of reorganization in bankruptcy.[2] The Court holds that HUD is not entitled to a stay of right, because that entitlement has been limited to an appeal from a money judgment or the equivalent (upon posting of a supersedeas bond), and an order confirming a plan of reorganization is not a money judgment or the equivalent within the meaning of Rule 62(d).[3]

Analysis begins with Federal Rule of Civil Procedure 62(d), which governs stays on appeal. The rule provides that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject

---

**1.** Because Reilly represents Riggs, Riggs' claim is referred to as Reilly's.

**2.** Because the Court holds that HUD is not entitled to a stay as a matter of right under Rule 62, the Court need not decide whether HUD has standing to appeal the bankruptcy court's order.

**3.** In seeking a stay pursuant to Federal Rule of Procedure 62(d), HUD, as an agency of the United States, stands in the same position as any other appellant, except that it need not post a supersedeas bond according to Rule 62(e).

to the exceptions contained in subdivision (a) of this rule.[4] The exceptions of Rule 62(a) are "an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters of patent," which orders may only be stayed by order of the court.[5]

Although the language of Rule 62(d) is not unambiguous, the better view of the rule's plain meaning is that when an appeal is taken the appellant, by giving a supersedeas bond, is entitled to a stay as a matter of right (subject to the exceptions of Rule 62(a)). While Rule 62(d) provides that the appellant *may obtain* a stay upon posting a supersedeas bond, the rule enumerates the conditions on which such a stay issues—to wit, upon giving a supersedeas bond and subject to the exceptions of Rule 62(a). Thus, by its terms, Rule 62(d) entitles the appellant to a stay as a matter of right upon satisfaction of these conditions.[6] *See* 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2905, at 326 (1973) (hereinafter "Wright & Miller") (indicating that "[t]he stay issues as a matter of right in cases within the rule"); 7 James W. Moore & Jo D. Lucas, *Moore's Federal Practice* § 62.06, at 62–31 (2d ed.1990) (hereinafter "Moore") (noting that "[b]y doing all the acts necessary to perfect an appeal and by giving a proper supersedeas bond an appellant may obtain a

stay as of right"). **Expressio unius est exclusio alterius:** the expression of one thing is the exclusion of another.

Most of the cases interpreting Rule 62(d) to entitle an appellant to a stay as a matter of right upon posting a supersedeas bond appear to involve appeals taken from money judgments (or, as discussed below, the equivalent). *See American Manufacturers Mutual Insurance Co. v. American Broadcasting–Paramount Theatres, Inc.,* 87 S.Ct. 1, 3, 17 L.Ed.2d 37 (1966) (Harlan, J., as Circuit Justice); *Hoban v. Washington Metropolitan Area Transit Authority,* 841 F.2d 1157 (D.C.Cir.1988); *Clark Co. v. Hogan,* 296 F.Supp. 407 (S.D.N.Y.1969); *Dewey v. Reynolds Metals Company,* 304 F.Supp. 1116 (D.C. Mich.1969), *rev'd on other grounds,* 429 F.2d 324 (6th Cir.1970).[7]

The Seventh and Ninth Circuits have given clear effect to the limitation (of the stay of right to appeals from money judgments) that the above-cited cases suggest. In *Donovan v. Fall River Foundry Co.,* 696 F.2d 524 (7th Cir.1982), the Seventh Circuit considered whether a party appealing a government health inspection order is entitled to a stay as a matter of right under Rule 62(d). In holding that an appellant is not entitled to a stay as a matter of right pending appeal of such an order, the court indicated that "had the framers thought about the point they would have limited the right to an automatic

---

4. In its entirety, Rule 62(d) provides that

   [w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

5. Rule 62(a) provides, in its entirety, that

   [e]xcept as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters of patent, shall not be stayed during the period after its entry and until and appeal is taken or during the pendency of an appeal. The provisions of subdivi-

sion (c) of this rule govern the suspending, modifying, restoring, or granting of an injunction during the pendency of an appeal.

6. Where Rule 62 provides for a discretionary (as opposed to a mandatory) stay, it does so in unmistakable terms: "the court in its discretion" may suspend, modify, restore, or grant an injunction." Fed.R.Civ.P. 62(c).

7. *Cf. Federal Trade Commission v. TRW,* 628 F.2d 207, 210 n. 3 (D.C.Cir.1980) (indicating in dicta that "it is clear that stays of district court enforcement orders [at issue was an order enforcing a subpoena duces tecum issued by the FTC] should be governed by the discretionary standards of Rule 62(c), and should not obtain as a matter of right pursuant to Rule 62(d)"); *United States v. United States Fishing Vessel Maylin,* 130 F.R.D. 684, 686 (S.D.Fla.1990) (noting that the automatic stay refers to money judgments and holding that the government is not entitled to a stay of right pending appeal of an order releasing a seized vessel).

stay to cases where the judgment being appealed from was a money judgment." *Id.* at 526.

The Ninth Circuit confronted a similar issue in *National Labor Relations Board v. Westphal*, 859 F.2d 818 (9th Cir.1988). The question in *Westphal* was whether a party appealing an order directing compliance with NLRB subpoenas is entitled to a stay of the order as a matter of right under Rule 62. The Ninth Circuit expressly adopted the reasoning of the *Donovan* court in holding that an appellant is not entitled to a stay of right pending appeal an such an order of enforcement.[8] *Id.* at 819; *see* 16 Wright, Miller & Cooper, § 3954, n. 1, at 663 (1994 Supplement) (indicating that "Rule 62(d) provides an automatic stay upon filing a supersedeas bond only in cases of a money judgment").[9]

When an appeal is taken from a judgment that is not a money judgment or an exception of Rule 62(a) within the strict meaning of those terms, but is comparable to one or the other of these judgments, most of the few courts that have addressed the issue appear (for purposes for Rule 62) to treat that judgment like the judgment to which it is comparable. In *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir.1992), the Fifth Circuit found no meaningful distinction between a money judgment for declaratory relief and a money judgment, and held that a money judgment in the form of declaratory judgment constitutes a money judgment for purposes of Rule 62(d). Likewise, in *Donovan*, the Seventh Circuit analogized an OSHA inspection order to an injunctive type remedy, and held it to be within the exceptions of Rule 62(a)). 696 F.2d at 526–27.[10] *See also United States v. Mansion House Center Redevelopment Co.*, 682 F.Supp. 446, 450 (E.D.Mo.1988) (treating a mortgage foreclosure judgment like a money judgment for purposes of Rule 62(d))[11]; *but see Becker v. United States*, 451 U.S. 1306, 101 S.Ct. 3161, 68 L.Ed.2d 828 (1981) (Rehnquist, J., as Circuit Justice) (declining in dicta to equate an order enforcing an IRS summons with a mandatory injunction for purposes of 62(d).

In the instant case, HUD seeks to appeal a bankruptcy court order confirming a Chapter

---

**8.** This result comports with the rule of statutory construction that the plain language of a law governs unless its literal application produces "a result demonstrably at odds with the intentions of its drafters." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982). Were the stay of right in Rule 62(d) not limited to money judgments, an appellant would be entitled to such a stay pending appeal of orders—not specifically excepted from the rule—for which a bond would be insufficient to preserve the status quo.

**9.** *But see Becker v. United States*, 451 U.S. 1306, 101 S.Ct. 3161, 68 L.Ed.2d 828 (1981) (Rehnquist, J., as Circuit Justice) (indicating in dicta that 62(d) provides for an automatic stay and that an order enforcing an IRS summons falls outside the exceptions of 62(d), implying that the automatic stay is not limited to money judgments); *United States v. Neve*, 80 F.R.D. 461 (E.D.La.1978) (holding that an order to enforce an IRS summons comes within 62(d) and (apparently) that 62(d) provides for a stay as of right pending appeal of orders not excepted from the rule).

In addition to relying on *Becker* and *Neve*, HUD also relies on *Metz v. United States of America*, 130 F.R.D. 458 (D.Kan.1990), *In re Olson*, Civ. No. 86–4138, 1990 WL 5725 (D.Kan.1990), *J. Perez & Cia., Inc. v. United States*, 578 F.Supp. 1318 (D.P.R.1984), among other cases, for the proposition that the Rule 62(d) stay of right it not

limited money judgments. While these cases contain language arguably supportive of that proposition, their actual holdings extend the availability of the stay of right no further than appeals from orders comparable to money judgments. *See infra* note 11.

**10.** Despite the *Westphal* court's citation to *Donovan*, the Ninth Circuit's approach under Rule 62(d) to stays from orders comparable to money judgments or exceptions of Rule 62(a) is not altogether clear. The *Westphal* decision is ambiguous as to whether the court held that a party appealing an order directing compliance with NLRB subpoenas is entitled to a stay of the order of right because an order directing compliance with NLRB subpoenas is analogous to the orders excepted from Rule 62(d) per Rule 62(a), or because the entitlement to a stay under Rule 62(d) applies solely to money judgments or the equivalent and an order directing compliance with NLRB subpoenas is neither.

**11.** *See also Metz v. United States of America*, 130 F.R.D. 458 (D.Kan.1990) (granting stay of right pending appeal of judgment holding real property subject to foreclosure); *In re Olson*, Civ. No. 86–4138, 1990 WL 5725, *1 (D.Kan.1990) (same regarding default judgment excepting from dischargeability a $176,026.15 debt); *cf. J. Perez & Cia., Inc. v. United States*, 578 F.Supp. 1318 (D.P.R.1984) (affirming order of forfeiture of $12,500 supersedeas bond).

11 plan of reorganization. By its terms, such a order is neither a money judgment, nor a judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters of patent. The question then becomes whether an order confirming a plan of reorganization is comparable to any of these orders for purposes for Rule 62(d).

An order confirming a plan of reorganization in bankruptcy is not necessarily of a particular kind. As plans of reorganization in bankruptcy differ, so too do the orders confirming those plans. Such an order may confirm provisions of the plan that require a party to the bankruptcy to pay a sum certain and thus approximate a money judgment; it may confirm provisions that require a party to do or refrain from doing a particular act and thus approximate an injunction; or it may confirm provisions analogous neither to money judgments nor injunctions.

Where, like the typical order of confirmation in bankruptcy, an order makes multiple provisions, e.g., for both injunctive and monetary relief, the Court may (or may be required to) stay execution of the order as to some of its provisions but not others. *See* 11 Wright & Miller § 2905, at 325–26 (indicating that "[i]f a judgment includes both a money award and the grant or denial of an injunction, a supersedeas stays the money award but not that the part of the judgment that deals with injunctive relief"). Thus, a portion of the Order comparable to a money judgment may be subject to a stay as a matter of right, whereas a portion comparable to an injunction may not be subject to a stay at all.

Whatever the merits of such an approach in the ordinary case, separate analysis of the components of an order is inappropriate in analyzing a bankruptcy order confirming a plan of reorganization.[12] Unlike the components of a garden-variety order, the components of an order confirming a plan of reorganization are interdependent. While execution on one component of a garden-variety order can generally be stayed pending appeal without affecting those components that are not stayed, the same is not true of an order confirming a plan of reorganization in bankruptcy.

Consider, for example, the situation where a court stays pending appeal the execution of an order of confirmation only as it relates to the debtor's obligation to pay one of several similarly situated creditors out of the same pool of the debtor's property. One creditor's gain is likely another's loss. If the appellant creditor is successful in enlarging the debtor's obligation to it on appeal, then satisfaction of that award likely entails a reduction of the debtor's obligations to the non-appealing creditors.

Whether or not more like the one than the other, an order confirming a plan of reorganization, taken as an aggregate of its components, however multi-varied, is not comparable to a money judgment or a judgment in an action for an injunction or receivership, or an order directing an accounting in an action for infringement of letters of patent.[13] An order

---

**12.** Even if the Court were to separately analyze the portions of the Order on appeal, the same ultimate result would obtain. The portions of the Order that HUD appears to appeal confirm Plan provisions that (1) alter the first Deed of Trust Note on the Project to eliminate the requirements that the Debtor (a) pay mortgage insurance and (b) service junior deeds from cash surplus only; (2) excise language that permits HUD, in the event it acquires title to the Project, to terminate the liens of junior mortgage holders; and (3) entitle Reilly to a lesser rate of interest on its Note than the rate provided the holders of other Deed of Trust Notes.

Except in senses too remote to recognize for purposes of Rule 62(d) analysis, as to these provisions, the Order is not comparable to a money judgment or to the orders within the exceptions of Rule 62(a). The provisions subject to appeal do not, at least in the ordinary sense, award money or command action or inaction. Rather, they concern the terms of Deed of Trust Notes, more or less beneficial to the parties to the bankruptcy; they distribute rights, however contingent. Thus, analysis of the separate provisions of the Order yields the same result for purposes of determining the treatment of an order of confirmation under Rule 62(d) as does analysis of the Order as a whole.

**13.** *But see In re Rape,* 100 B.R. 288 (Bankr. W.D.N.C.1989) (holding without analysis that the United States is entitled to a stay as a matter of right without the necessity of posting a supersedeas bond pending appeal of a bankruptcy court's order confirming a chapter 12 plan).

confirming a Chapter 11 plan simply represents the court's determination that the plan passes muster under 11 U.S.C. § 1129, e.g., that the plan is fair and equitable, does not unfairly discriminate, and is not proposed by any means forbidden by law.

Because the stay of right under Rule 62(d) has been limited to an appeal from a money judgment or its equivalent—which limitation the principles of *stare decisis* require this Court to follow—and because an order of confirmation is not a money judgment or the like, HUD is not entitled to a stay as a matter of right in appealing the bankruptcy court's order confirming the Plan.[14] The only stay available pending appeal of such an order is the discretionary stay which the Court has already denied.[15]

### CONCLUSION

To summarize, subject to the exceptions of Rule 62(a), the language of Rule 62(d) entitles a party appealing a judgment to a stay as a matter of right upon posting of a supersedeas bond. However, the Rule 62(d) stay of right has been limited to appeals from money judgments or the equivalent (upon posting the same bond). An order confirming a plan of reorganization is not a money judgment. Therefore, in appealing the Order of confirmation, HUD is not entitled to a stay of right.

IT IS SO ORDERED.

14. That Bankruptcy Rule 7062 suggests, and the Advisory Committee notes to the rule provide, that orders confirming plans of reorganization are not excepted from Rule 62(d) per Rule 62(a) do not compel a contrary result. Neither the rule nor the Advisory Committee notes expand the *Westphal* limitation (of the Rule 62(d) stay of right to money judgments) or determine that orders of conformation constitute money judgments for purposes of Rule 62.

15. Had the Rule 62(d) stay of right not been limited to appeals from money judgments or the equivalent, HUD would be entitled to a stay as matter of right pending appeal of the Order. Because, subject to the exceptions of Rule 62(a), Rule the plain language of Rule 62(d) entitles a party appealing a judgment to a stay as a matter of right upon posting of a supersedeas bond, because the exceptions of Rule 62(d) do not include an order confirming a plan of reorganization, and because when the United States takes an appeal and obtains a stay, no bond is required, the United States or an agency thereof is entitled to a stay on appeal of the Order as a matter of right. *But see C.H. Sanders Co., Inc. v. BHAP Housing Development Fund Co., Inc.*, 750 F.Supp. 67, 76 (E.D.N.Y.1990) (holding that "when the government files a notice of appeal it need not file a bond and that the notice in and of itself does not operate as a stay"); *In re Westwood Plaza Apartments, Ltd.*, 150 B.R. 163 (Bankr.E.D.Tex.1993) (holding that Rules 62(d) and 62(e) should not be read together to entitle the United States to a stay as a matter of right upon giving a supersedeas bond).