The **YANKTON SIOUX TRIBE,** a federally recognized tribe of Indians, and its individual members, and Darrell E. Drapeau, individually, a member of the Yankton Sioux Tribe, Plaintiffs,

v.

**SOUTHERN MISSOURI WASTE MANAGEMENT DISTRICT,** a non-profit corporation, Defendant.

**SOUTHERN MISSOURI WASTE MANAGEMENT DISTRICT,** Third–Party Plaintiff,

v.

**STATE OF SOUTH DAKOTA,** Third–Party Defendant.

No. CIV 94–4217.

United States District Court, D. South Dakota, Southern Division.

Feb. 29, 1996.

See also 890 F.Supp. 878.

James G. Abourezk, Robin L. Zephier, Abourezk Law Offices, Rapid City, SD, Michael H. Scarmon, Abourezk Law Offices, Sioux Falls, SD, for Plaintiff.

Kenneth W. Cotton, Wipf & Cotton, Wagner, SD, for defendant and third–party plaintiff:

Roxanne Giedd, John P. Guhin, Charles D. McGuigan, Attorney General's Office, Pierre, SD, for third-party defendant.

## ORDER VACATING STAY PENDING APPEAL

PIERSOL, District Judge.

The plaintiffs, Yankton Sioux Tribe and Darrell E. Drapeau, move to vacate the stay pending appeal which the Court entered under Federal Rule of Civil Procedure 62(d) on June 23, 1995. The Court requested and received from counsel for the State of South Dakota a brief on the legal question of whether a stay could be imposed under Rule 62(d) where the Court granted a declaratory judgment in favor of plaintiffs on the jurisdictional boundary issue, but did not award plaintiffs monetary damages. At the time plaintiffs filed their initial resistance to the State's motion for a stay pending appeal, plaintiffs did not argue that the entry of a monetary judgment in favor of plaintiffs was necessary before the State could obtain a stay as a matter of right under Rule 62(d). Consequently, the Court did not then consider the issue. Plaintiffs' motion to vacate the stay now squarely places the issue before the Court. For the reasons discussed below, the Court grants plaintiffs' motion and vacates the Order Granting Stay filed on June 23, 1995.

Federal Rule of Civil Procedure 62(d) provides:

When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Rule 62(a) provides, in pertinent part, that:

an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal.

The language of subsections (a) and (d), when read together, suggests that all types of judgments other than those specifically excepted in subsection (a) may be stayed pending appeal as a matter of right, if the appellant posts supersedeas bond. Thus, as the State argues, a declaratory judgment would appear to fall within the class of judgments for which a stay pending appeal may be obtained as a matter of right. *See Becker v. United States,* 451 U.S. 1306, 1307, 101 S.Ct. 3161, 3162, 68 L.Ed.2d 828 (1981) (Rehnquist, J., as Circuit Justice) (observing that "[t]he language of Rule 62(d) seems clear, and the enumerated exceptions do not include tax summons enforcement proceedings."), *order vacated,* 452 U.S. 935, 101 S.Ct. 3073, 69 L.Ed.2d 949 (1981); *United States v. Mansion House Ctr. Redev. Co.,* 682 F.Supp. 446, 448 (E.D.Mo.1988) (granting stay pending appeal under Rule 62(d) because Rule 62(a) does not exclude mortgage foreclosure actions). *But cf. American Mfr. Mut. Ins. Co. v. American Broadcasting–Paramount Theatres, Inc.,* 87 S.Ct. 1, 3, 17 L.Ed.2d 37

(1966) (Harlan, J., as Circuit Justice) (observing that "it seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed.R.Civ.P. 62(d) and 73(d)[.]").

Despite the language of Rule 62 quoted above, many courts have interpreted Rule 62(d) as entitling an appellant to a stay as a matter of right upon posting of a supersedeas bond or upon the court's waiver of the bond requirement where the appeal is taken from a monetary judgment or its equivalent. *See e.g., Hebert v. Exxon Corp.,* 953 F.2d 936, 938 (5th Cir.1992) (per curiam); *Dillon v. City of Chicago,* 866 F.2d 902, 904–05 (7th Cir.1988); *National Labor Relations Bd. v. Westphal,* 859 F.2d 818, 819 (9th Cir.1988); *Hoban v. Washington Metro. Area Transit Auth.,* 841 F.2d 1157, 1158–59 (D.C.Cir.1988); *Lightfoot v. Walker,* 797 F.2d 505, 506–07 (7th Cir.1986); *J. Perez & Cia., Inc. v. United States,* 747 F.2d 813, 814 (1st Cir.1984); *Donovan v. Fall River Foundry Co.,* 696 F.2d 524, 526 (7th Cir.1982); *Federal Prescription Serv., Inc. v. American Pharmaceutical Assoc.,* 636 F.2d 755, 757–59 (D.C.Cir.1980); *In re Capital West Investors,* 180 B.R. 240, 242–43 (N.D.Cal.1995); *Schreiber v. Kellogg,* 839 F.Supp. 1157, 1158–62 (E.D.Pa.1993). These courts reason that the bond requirement of Rule 62(d) serves, in money judgment cases, as security to guarantee the judgment, *see e.g., Hebert,* 953 F.2d at 938, for "[t]he reference in Rule 62(d) to supersedeas bond suggests that had the framers thought about the point they would have limited the right to an automatic stay to cases where the judgment being appealed from was a 'money judgment.'" *Donovan,* 696 F.2d at 526. Courts have thus restricted the application of the Rule 62(d) automatic stay to money judgments because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment. *Hebert,* 953 F.2d at 938. In the only case involving a declaratory judgment, the Fifth Circuit held that a stay under Rule 62(d) should have been imposed where the declaratory judgment bound a party to pay a specific sum of money, noting that the "applicability of Rule 62(d) turns ... on whether the judgment involved is monetary or nonmonetary, so long as the judgment is not otherwise excepted under Rule 62(a)." *Id.*

■ This case, which involves a declaratory judgment that is nonmonetary, illustrates why Rule 62(d) is applied only to a money judgment or its equivalent. Because plaintiffs in this case did not seek money damages and the Court did not award any, the requirement of supersedeas bond pending appeal is meaningless, as there is not a money judgment to secure pending appeal. As the Court recognized in its Memorandum Opinion On Stay Pending Appeal at 2–3, filed July 3, 1995, the factors ordinarily applied by courts in determining whether supersedeas bond may be waived were not helpful in this case, where the declaratory judgment determined only the jurisdictional question and did not award monetary damages. The reason for the requirement of a money judgment or its equivalent for a stay under Rule 62(d) is demonstrated in this declaratory judgment action concerning jurisdiction. Jurisdiction if it exists cannot be stayed, it either exists or it does not. Under the cases cited above, the Court concludes that Rule 62(d) does not apply to the nonmonetary declaratory judgment entered in this case. The Court previously held that Rule 62(c), which permits imposition of an injunction pending appeal from a final judgment, does not apply to a declaratory judgment, and the Court now reaffirms that holding.

■ In its Memorandum Opinion and Order and Judgment entered in this case on June 14, 1995, this Court declared that the exterior boundaries of the Yankton Sioux Reservation were not disestablished or diminished when, in 1894, the Fifty–Third Congress ratified an 1892 Agreement with the Yankton Sioux for the sale of surplus lands. Plaintiffs raised the jurisdictional issue in their civil complaint against Southern Missouri Waste Management District, and the State of South Dakota did not resist when Southern Missouri impleaded the State of South Dakota as a third-party defendant. The Court entered its decision after the parties vigorously litigated the jurisdictional issue in a trial before the Court. As discussed

at length in the Court's decision, Congress made the treaties with the Indian people, and only Congress, through clear and explicit legislative action, can alter those treaties. The federal courts are given the responsibility to interpret the treaties and agreements made by Congress with the sovereign Indian people, just as the federal courts are given the responsibility to interpret the legislative acts of Congress. The Court has fulfilled its role in this case. The state, federal, and tribal authorities should cooperate and proceed according to this Court's decision that the Yankton Sioux Reservation boundaries have not been disestablished or diminished. The Court is confident that federal and tribal authorities can properly administer jurisdiction within the non-diminished boundaries of the Yankton Sioux Reservation. Accordingly,

IT IS ORDERED that Plaintiffs' Motion To Vacate Stay Pending Appeal is granted (Doc. 130), and the Order Granting Stay filed on June 23, 1995, is hereby vacated.