9 F.3d 117
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cheryl A. RICE, Plaintiff-Appellant,
v.
UNITED STATES Of America, Defendant-Appellee.
 Nos. 93-2023, 93-2070.
 United States Court of Appeals, Tenth Circuit.
 Nov. 3, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Cheryl A. Rice, a taxpayer, appeals orders of the district court denying her petition to quash a summons served by an agent of the Internal Revenue Service (IRS) on the Sunwest Bank in Albuquerque, New Mexico, a third-party record keeper under Internal Revenue Code 26 3609(a)(3)(A)(1989), and granting the IRS's motion for enforcement of the summons. Rice also alleges that the district court erred in denying her motion to disqualify the district court judge. Rice filed a notice of appeal seeking review of the district court's order denying her motion to quash the IRS summons. Rice did not specifically include the issue of the denial of her motion for disqualification in her notice of appeal. Therefore we do not have jurisdiction to hear the merits of that claim. Nolan v. United States Dep't of Justice, 973 F.2d 843, 847 (10th Cir.1992); Cunico v. Pueblo Sch. Dist. No. 60, 917 F.2d 431, 444 (10th Cir.1990). We exercise jurisdiction under 28 U.S.C.1291 and affirm.
 
 
 3
 Rice challenges the district court's denial of her motion to quash the IRS summons and the court's enforcement of the summons. We review the district court's decision under the clearly erroneous standard. United States v. Coopers & Lybrand, 550 F.2d 615, 620 (10th Cir.1977); United States v. Saunders, 951 F.2d 1065, 1066 (10th Cir.1991). The IRS does not have to establish any probable cause to obtain enforcement of a summons. United States v. Powell, 379 U.S. 48, 57 (1964). Through the statements of Revenue Agent Tarin, the government clearly established its prima facie case for enforcement of the IRS summons. See Powell, 379 U.S. at 57-58. The burden therefore shifted to the taxpayer to show evidence that the government had failed to satisfy one of the Powell requirements, or to show an abuse of the judicial process. Id. at 58. A person summoned by the IRS has the right to challenge the summons on any appropriate ground. Reisman v. Caplin, 375 U.S. 440, 449 (1964). Rice filed no response to the government's motion for enforcement and offers only conclusory allegations on appeal. We therefore hold that the district court did not err in enforcing the summons.
 
 
 4
 Rice argues that the order enforcing the summons was prematurely entered before her response was due. Rice's argument is without merit. Under Local Rule 7.5, her response was to be filed within ten days after service of the motion. Rice waited well beyond the ten-day period to even request a thirty-day extension. The district court granted that request but Rice still did not file a response within the extended filing period. The entry of the order enforcing the summons was clearly not premature under Local Rule 7.5 or any other relevant Local Rule. The order of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3