21 F.3d 1122
 73 A.F.T.R.2d 94-1938
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cheryl A. RICE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-2195.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1994.
 
 Before TACHA, EBEL, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 This is Appellant Cheryl A. Rice's second appeal to this court in her effort to prevent the Internal Revenue Service ("IRS") from enforcing a summons to obtain her financial records from the Sunwest Bank in Albuquerque, New Mexico, a third party record-keeper under Internal Revenue Code 26 3609(a)(3)(A)(1989). In Rice v. United States, 9 F.3d 117 (10th Cir.1993) (unpublished opinion), we upheld the district court's enforcement of the summons and its denial of Appellant's motion to quash the summons. In this appeal, Appellant argues that the IRS failed to wait the requisite ten days before executing the judgment pursuant to Fed.R.Civ.P. Rule 62(a).[2] The IRS executed the summons on the ninth day. Appellant seeks destruction of the records obtained or an injunction prohibiting the IRS from using the records.
 
 
 3
 The district court held that the IRS was not required to comply with Rule 62(a) because the action was injunctive in nature and therefore within the exceptions to the ten-day automatic stay period of Rule 62(a).
 
 
 4
 We agree with the district court that the injunctive nature of the action precludes mandatory compliance with the automatic ten-day stay period of Rule 62(a). See N.L.R.B. v. Westphal, 859 F.2d 818, 819 (9th Cir.1988) (holding that automatic stay of Rule 62(d) applies only to monetary awards); but see Becker v. United States, 451 U.S. 1306, 1309 (discussing, without deciding, whether a summons enforcement action is a mandatory injunction) (Rehnquist, C.J., as Circuit Justice), stay vacated, 452 U.S. 935 (1981).
 
 
 5
 Alternatively, we hold that even if the action was not injunctive in nature, Appellant was not prejudiced by the execution of the summons on the ninth day, nor would she be entitled to a remedy that would strip the IRS of its authority to obtain the records. This court has already held that the IRS met the United States v. Powell, 379 U.S. 48, 57-58 (1964), criteria for enforcement of its summons.[3]
 
 
 6
 Accordingly, we AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Fed.R.Civ.P. Rule 62(a) provides:
 (a) Automatic Stay; Exceptions-Injunctions, Receiverships, and Patent Accountings. Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal. The provisions of subdivision (c) of this rule govern the suspending, modifying, restoring, or granting of an injunction during the pendency of an appeal.
 
 
 [3]
 Appellant also makes conclusory allegations that District Court Judge Campos was biased and should be disqualified from this case. Appellant did not raise this issue in her notice of appeal, therefore, we do not have jurisdiction to hear the merits of the claim. Nolan v. United States Dep't of Justice, 973 F.2d 843, 847 (10th Cir.1992). Additionally, contrary to Appellant's assertion, it was not improper for Judge Campos to hear her Motion to Destroy Records because the Motion to Destroy Records and the request for a Stay were sufficiently intertwined. See Fed.R.App.P. Rule 4(a)(4)