**GOVERNMENT GUARANTEE FUND OF THE REPUBLIC OF FINLAND,**
**SAASTOPANKKIEN KESKUS-OSAKE-PANKKI (SKOPBANK),**
**35 ACRES ASSOCIATES, 12 ACRES ASSOCIATES and**
**BENEFORI OY, Plaintiffs**

v.

**HYATT CORPORATION, Defendant**

Civ. No. 1995-49-M

**HYATT CORPORATION, Plaintiff**

v.

**35 ACRES ASSOCIATES, Defendant**

Civ. No. 1995-68-M

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 15, 1996

Warren B. Cole, Esq., (Hunter, Colianni, Cole & Turner), Christiansted, St. Croix, U.S.V.I., Michael M. Baylson, Esq., (Duane, Morris & Heckscher), Philadelphia, PA, *for Government Guarantee Fund*

John Zebedee, Esq., (Hymes, Zebedee & Smock), St. Thomas, U.S.V.I., William Brewer, Esq., James Renard, Esq., (Bickel & Brewer), Dallas, Texas, *for Hyatt Corporation*

MOORE, *Chief Judge*

### SUPPLEMENTAL MEMORANDUM

On May 3, 1996, the Court entered an order ["May 3 Order"] directing the Hyatt Corporation ["Hyatt"] to cease managing the hotel on St. John ["Hotel"] owned by 35 Acres Associates ["35 Acres"] and to vacate the Hotel property by noon May 10, 1996. On May 9, 1996, the Court heard Hyatt's motion for a stay of execution of the May 3 Order, without a bond or, in the alternative, a stay upon the posting of a supersedeas bond in an amount to be set by the Court. At the conclusion of the hearing the Court denied the stay in a ruling from the bench, dictating its findings into the record. This Memorandum further explicates the basis for that ruling.[1]

---

[1] Hyatt Corporation has already filed a notice of appeal from the Court's ruling from the bench. This memorandum supplements and modifies that ruling pursuant to 3rd Cir. LAR 3.1 (1993).

Hyatt contended that it was entitled, as of right, to an automatic ten-day stay under Rule 62(a) and a stay pending appeal under Rule 62(d) of the Federal Rules of Civil Procedure. Hyatt further argued that no bond was necessary since it is a financially healthy entity that could easily satisfy any damages incurred by 35 Acres if Hyatt loses its appeal. At the end of the hearing the Court held that the portion of the May 3 Order requiring Hyatt to move out of the Hotel was in the nature of an injunction to which the automatic ten-day stay provision of Rule 62(a) and the Rule 62(d) stay pending appeal were inapplicable. Having determined that Hyatt was not entitled to a stay as of right, the Court balanced the factors generally considered in granting a stay under the Court's equitable powers and ruled that the factors weighed against staying its May 3 Order.

Rule 62(d) provides for a stay upon appeal: "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule." Rule 62(a) provides for an automatic ten-day stay:

> Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction . . . shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal. The provisions of subdivision (c) of this rule govern the suspending, modifying, restoring, or granting of an injunction during the pendency of an appeal.

The loser in an action for an injunction thus is not entitled to a stay by giving a supersedeas bond. The incorporation of this exception into Rule 62(d) is implicit recognition that the winner of injunctive relief usually cannot be protected merely by the posting of a sum of money. The underlying rationale for this exception is that a money bond is adequate protection for a final judgment for money but not for a prohibitory or mandatory injunction — such equitable injunctive relief is available only where money damages at law are inadequate. Although the issue appears not to have arisen very often, those courts to address is have limited the applicability of Rule 62(d) to appeals from money judgments or their equivalent. *Herbert v. Exxon Corp.*, 953 F.2d 936 (5th Cir. 1992) (noting that Rule

62(d) is restricted to money judgments and holding money judgment in form of declaratory judgment does fall within Rule 62(d)); *National Labor Relations Board v. Westphal*, 859 F.2d 818 (9th Cir. 1988) (Rule 62(d) not applicable to order directing compliance with NLRB subpoenas); *Donovan v. Fall River Foundry Co., Inc.*, 696 F.2d 524 (7th Cir. 1982) (Rule 62(d) not applicable to order directing appellant to submit to a government health inspection); *In re Capital West Investors*, 180 B.R. 240 (N.D.Cal. 1995) (Rule 62(d) not applicable to order confirming bankruptcy plan); *United States v. United States Fishing Vessel Maylin*, 130 F.R.D. 684 (S.D.Fla. 1990) (Rule 62(d) not applicable to order directing government to return seized boat to owner).

■ The Court's May 3 Order directing Hyatt to vacate the Hotel by a certain date and to take action to effectuate the smooth transfer of possession of the Hotel and its management to 35 Acres is not a money judgment nor its equivalent. Hyatt is not required to pay any certain sum of money to 35 Acres nor is 35 Acres awarded any monetary damages. The essence of the relief given 35 Acres in the May 3 Order is a mandatory injunction to leave and cease managing the Hotel for its owner. Indeed, Hyatt recognized this character of the order in its opposition filed April 29, 1996, to 35 Acres Associates' motion for entry of order. Hyatt there argues that "35 Acres' proposed order is tantamount to a mandatory preliminary injunction . . . ." (Hyatt's Resp. in Opp. to Pl. Mot. for Entry of Order, April 29, 1996, at 4.) Courts which have restricted rule 62(d) to money judgments recognize that the purpose behind the posting of a bond is to "protect[] the prevailing plaintiff from the risk of a later uncollectible judgment and compensate[] him for delay in entry of the final judgment." *Westphal*, 859 F.2d at 819. In the non-money judgment context, the posting of "a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment." *Hebert*, 953 F.2d at 938. For example, one court found that a supersedeas money bond would not ensure adequate compensation to the prevailing party for the lost use and lost income derived from a seized fishing vessel. *United States Fishing Vessel Maylin*, 130 F.R.D. at 686. Similarly, the posting of mere money by Hyatt in this case cannot ensure that 35 Acres would be adequately compensated for the lost

possession and use of its property and lost income from operation of the Hotel during the pendency of an appeal.

■ As recognized by the reference in Rule 62(d) to the provisions for injunction pending appeal provided for in Rule 62(c),[2] a stay of the May 3 Order can be granted only if it would be appropriate after a balancing of the four traditional factors usually weighed in the context of a discretionary stay. These are:

> whether there is a strong likelihood of success on the merits of the appeal; whether the movant will suffer irreparable harm if the stay is not granted; whether a stay will impose substantial harm on the other interested parties; and whether a stay is in the public interest.

*Territorial Court of the Virgin Islands v. Richards,* 674 F.Supp. 180, 181 (D.V.I. 1987). On balance these factors clearly favor the denial of Hyatt's motion for a stay pending appeal.

■ ■ The first factor concerning the likelihood of success is generally deemed the most important[3] and most strongly militates against granting a stay. As this Court's Memorandums and Orders dated January 8, 1996 and April 10, 1996, make clear, the applicable law concerning the respective rights of principals and agents requires that Hyatt immediately cease management and give up possession of the Hotel property upon the termination of the agency relationship by 35 Acres. Hyatt's argument that its management agreement constitutes an irrevocable agency relationship with the owner of the Hotel is utterly without merit. Thus the likelihood of success on the merits of this appeal is zero and nil.

■ Regarding the second factor, Hyatt contended at the hearing that it would suffer irreparable harm if the stay were not granted.

---

[2] Rule 62(c) provides in relevant part:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

FED. R. CIV. PRO. 62(c).

[3] *United States Fishing Vessel Maylin,* 130 F.R.D. at 686 (citing *Garcia-Mir v. Meese,* 781 F.2d 1450, 1453 (11th Cir.), *cert denied,* 479 U.S. 889 (1986))

According to Hyatt, if the order of eviction is not stayed and 35 Acres should sell the property to a bona fide purchaser for value who hired their own management company, Hyatt would be unable to reinstate themselves as managers of the property. [Transcript of Hearing, May 9, 1996 ("Tr.") at 27.] By Hyatt's calculations, such dispossession would cost it from 11 to 13 million dollars.[4] These estimated damages would be unrecoverable from 35 Acres, because, again according to Hyatt, 35 Acres is judgment proof. *Id.* Hyatt argued that the only way to recover those damages would be to "get back on the property and be entitled to the benefits . . . [of] that long-term contract." [Tr. at 34.] Hyatt's arguments confirm that any potential harm it may suffer can be reduced to a sum of dollars. Hyatt thus will not suffer irreparable harm because it can be adequately compensated with money. *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 24 (5th Cir. 1992) (denying stay under Rule 62 because compensatory damages suitable thus no irreparable injury); *Dice v. Clinicorp, Inc.*, 887 F. Supp. 803 (D.C.Pa. 1995) (no irreparable injury when only harm is economic harm); WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2948.1 (1995). The fact that Hyatt alleges that such damages may not be recoverable from 35 Acres does not change the conclusion that Hyatt has an adequate remedy at law in the unlikely event it prevails on appeal.

■ The third factor is whether a stay will impose substantial harm on the other interested party, the owner of the land in this case. In contrast to Hyatt's failure to show irreparable harm, the Court finds that 35 Acres will suffer substantial harm if a stay is ordered. Moreover, what Hyatt is seeking is more than maintaining the status quo of managing a hurricane-damaged and closed hotel. A stay of the May 3 Order would be tantamount to granting Hyatt specific enforcement of a personal services management contract, which the Court is prohibited from doing for the reasons set forth in its Memorandum and Order of January 8, 1996 rejecting Hyatt's claim for declaratory relief in 1995-68M. Not only will 35 Acres lose

---

[4] Hyatt computed the future value of the fees that Hyatt would be entitled to under the management agreement would be over $ 100 million, reduced to a present value of between $ 11 and $ 13 million. [Transcript of Hearing, May 9, 1996 ("Tr.") at 27.]

possession of, use of, and income from its property, it more importantly will be bound by the plethora of management decisions Hyatt will be required to make in rebuilding and refurbishing 35 Acres' Hotel. The harm 35 Acres will suffer from these deprivations of possession and control cannot easily be quantified in dollars.

■ The fourth factor to be considered is whether a stay is in the public interest. This factor is at best or worst neutral. While it is in the public interest for this Hotel to be open and operational as soon as may be reasonable under the circumstances, a denial of Hyatt's stay will not result in the Hotel remaining closed for an indefinite period of time, for 35 Acres has another hotel management company standing by and fully capable of running its Hotel. The public interest will best be served by the owner of the Hotel, 35 Acres Associates, having full control over its property and opening the Hotel with a managing agent of its choice. It is not in the interest of the public to force 35 Acres to keep its terminated agent as manager of the hotel during this critical phase of rebuilding and reopening.

Thus for all of the above reasons and for the reasons stated on the record at the hearing, the motion for a stay pending appeal has been denied.

ENTERED this 15th day of May, 1996.