*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2016 UT 23**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

KRISTEN RENE SIMLER,
*Appellant,*

*v.*

MARCELL CHILEL,
*Appellee.*

No. 20140513
Filed June 1, 2016

On Appeal of Interlocutory Order

Third District, Salt Lake
The Honorable Paul G. Maughan
No. 148900028

Attorneys:

Paul M. Belnap, Nicholas E. Dudoich,
Salt Lake City, for appellant

Ronald E. Dalby, John P. Lowrance,
Salt Lake City, for appellee

JUSTICE DURHAM authored the opinion of the Court in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE HIMONAS, and JUSTICE PEARCE joined.

JUSTICE DURHAM, opinion of the Court:

## INTRODUCTION

¶1    Marcell Chilel unsuccessfully sued Kristen Simler in small claims court for physical injuries arising from an alleged automobile collision between the parties. Ms. Chilel then appealed the small claims decision to the district court, and Ms. Simler filed an answer, jury demand, and pretrial discovery requests. Ms. Chilel moved to strike Ms. Simler's jury demand and discovery requests, and the district court granted that motion. Thereafter, Ms. Simler filed a petition for permission to appeal the district court's order, claiming that (1) Utah Code section 78B-1-104(4) unconstitutionally denies her

right to a jury trial, and (2) rule 6(a) of the Utah Rules of Small Claims Procedure unconstitutionally denies her right to discovery. We granted the petition for interlocutory review.

¶2    We conclude that the Utah Constitution guarantees the right to a jury trial in small claims cases in a trial de novo in district court, and that Ms. Simler properly asserted that right. We do not reach the merits of Ms. Simler's discovery arguments as they were not properly preserved below. We therefore affirm in part and reverse in part.

## BACKGROUND

¶3    The parties were allegedly involved in an automobile collision in October 2012 in Salt Lake City, Utah. Ms. Chilel asserted that she suffered physical injuries resulting from the alleged collision, for which she received medical treatment. Ms. Chilel filed a small claims suit against Ms. Simler in the Salt Lake Justice Court, claiming general and special damages totaling $10,000.

¶4    The small claims trial took place on March 27, 2014, in the Salt Lake Justice Court. Both parties were present and represented by counsel, and each party presented testimony and evidence. Ms. Chilel testified, among other things, that she had been involved in at least two other automobile accidents in close temporal proximity—one ten days prior to the alleged accident at issue, and another about three months later, in January 2013. Ms. Chilel claimed that she sustained similar physical injuries in all three accidents. Another witness at the small claims hearing—an insurance claims representative for Ms. Simler's insurer—stated that according to the insurance claims database, Ms. Chilel was involved in a fourth accident in March 2013, for which she also claimed similar physical injuries.

¶5    Despite requests from Ms. Simler's insurer for authorizations to obtain additional medical documentation, at the small claims trial Ms. Chilel and her counsel presented medical documentation only for the period between the alleged accident at issue (Ms. Chilel's second accident) and the third accident in January 2013—a three-month period of time. The *pro tempore* small claims judge ultimately entered a judgment of "No Cause of Action."

¶6    Ms. Chilel filed a notice of appeal of the judgment and requested a trial de novo in the Third District Court. Ms. Simler filed an answer, which also included a motion for a jury trial and jury demand. Ms. Simler paid the appropriate statutory jury demand fee. Additionally, Ms. Simler served on Ms. Chilel one interrogatory and one request for production of documents.

¶7     Ms. Chilel filed a motion to strike Ms. Simler's answer, jury demand, and the discovery requests based in part on rule 6(a) of the Utah Rules of Small Claims Procedure and Utah Code section 78B-1-104(4). The district court granted Ms. Chilel's motion, holding that Ms. Simler's answer, jury demand, and discovery requests were "procedurally improper under the framework of the Utah Rules of Small Claims Procedure."

¶8     Ms. Simler filed a petition for permission to appeal the district court's order, and we granted interlocutory review. Ms. Simler claims first that Utah Code section 78B-1-104(4) unconstitutionally denies her the right to a jury in a trial de novo, because article I section 10 of the Utah Constitution guarantees that right. Second, Ms. Simler claims that rule 6(a) of the Utah Rules of Small Claims Procedure unconstitutionally denies her the right to serve pretrial discovery requests, as it violates the constitutional rights to open courts, uniform operation of laws, and due process. We have jurisdiction under Utah Code section 78A-3-102(3)(j).

## STANDARD OF REVIEW

¶9     Questions of law—whether constitutional or statutory—are reviewed for correctness. *Injured Workers Ass'n v. State*, 2016 UT 21, ¶ 12, ---P.3d---; *Manzanares v. Byington (In re Adoption of Baby B.)*, 2012 UT 35, ¶ 23, 308 P.3d 382. In addition, "[t]he district court's interpretations of . . . rules of procedure are questions of law reviewed for correctness." *In re Irrevocable Jack W. Kunkler Tr. A.*, 2011 UT 7, ¶ 13, 246 P.3d 1184.

## ANALYSIS

¶10     Article 1, section 10 of the Utah Constitution provides that "[a] jury in civil cases shall be waived unless demanded." We have held that article I, section 10 "guarantees 'the right of jury trial in civil cases.'" *Jones v. Mackey Price Thompson & Ostler*, 2015 UT 60, ¶ 43, 355 P.3d 1000 (citation omitted). We have not previously had the opportunity to analyze whether this right extends to small claims cases. *See Kawamoto v. Fratto*, 2000 UT 6, ¶ 7, 994 P.2d 187 ("[T]he issue of the right to a jury trial in small claims court may have constitutional dimensions that we would have to address in a case in which the issue was properly preserved.").[1]

---

[1] Ms. Simler does not claim that there is a constitutional right to a jury in the initial small claims trial in Justice Court. We therefore limit the reach of this opinion to the right to a jury at the trial de novo stage in district court.

¶11 We do not reach Ms. Simler's arguments that the preclusion of pretrial discovery in small claims cases at the trial de novo stage violates her constitutional rights to due process, uniform operation of laws, and open courts, because Ms. Simler did not adequately preserve these claims below.

## I. THE UTAH CONSTITUTION GUARANTEES THE RIGHT TO A JURY TRIAL IN A SMALL CLAIMS TRIAL DE NOVO

¶12 Utah Code section 78A-8-102(1) classifies small claims actions as "civil" in nature. While we have held that the right to a jury trial in civil cases is guaranteed by the Utah Constitution, we clarified in *Zions First National Bank v. Rocky Mountain Irrigation, Inc.* that "this constitutional right to a jury trial . . . extends only to cases that would have been cognizable at law at the time the constitution was adopted." 795 P.2d 658, 661 (Utah 1990); *see also Jones v. Mackey Price Thompson & Ostler*, 2015 UT 60, ¶ 43, 355 P.3d 1000.

¶13 We conclude that small claims cases were cognizable at law at the time of the adoption of the Utah Constitution and the right to a jury trial does exist in small claims cases at the trial de novo stage. We also conclude that Ms. Simler properly sought to avail herself of her right to a jury trial when she filed and served her jury demand and paid the required statutory fee in the district court, and that she preserved this issue in her memorandum in opposition to Ms. Chilel's Motion to Strike.

*A. Small Claims Cases Were Cognizable at Law at the Time of the Adoption of the Utah Constitution*

¶14 The Utah Constitution was created by Convention on May 8, 1895, and went into effect on January 4, 1896—the same day Utah became a state. UTAH CONST. art. XXIV, § 16; Proclamation No. 9, 29 Stat. 876 (1896). Before that time, beginning on September 9, 1850, Utah was a territory of the United States. An Act to Establish a Territorial Government for Utah, 9 Stat. 453 (1850). During Utah's territorial period, there existed local Justice of the Peace Courts, which had jurisdiction over small claims matters.[2] The territorial

---

[2] Justice of the Peace Courts had jurisdiction over claims relating to sums of one hundred dollars or less. *See, e.g.*, An Act in Relation to Justices of the Peace, 1851 UTAH TERR. LAWS, § 4. The amount was later raised to "less than three hundred dollars." 1888 UTAH COMP. LAWS § 3020. As a point of reference, $100 would have been less than $2,416.78 in today's dollars, and $300 would have been less than $7,250.33 in today's dollars. *See CPI Inflation Calculator*, U.S. BUREAU LABOR STAT., http://www.bls.gov/data/inflation_calculator.htm (last visited May 17, 2016) (calculating based on year 1913, the first

laws of Utah provided for a defendant's demand for a jury in cases before the Justice of the Peace Courts.[3]

¶15 When Congress enabled the adoption of the Utah Constitution, it stated that "all laws in force made by [the Utah Territory] at the time of its admission into the Union shall be in force in said State, except as modified or changed by this Act or by the constitution of the State." Enabling Act, 28 Stat. 107, § 19 (1894). The Enabling Act also converted the existing territorial courts into state courts. *Id.* § 17. At the time of the adoption of the Utah Constitution, then, the provisions of the territorial laws allowing for jury demands in Justice of the Peace Courts remained in effect.

¶16 In 1896, after Utah was admitted to the Union, the Utah Governor appointed a commission "to revise, codify, and annotate the laws of the state." Richard W. Young, et al., *Preface* to 1898 UTAH REV. STAT., at iii. Despite the fact that at that time the laws were rewritten "in great part" and "many changes" were made, *id.*, the 1898 Utah Revised Statutes also contained numerous provisions discussing a defendant's demand for a jury in justice courts.[4] It was

---

year Consumer Price Index data was gathered). While these numbers are not exact, they show that "small claims" is a fair characterization of the respective sums of $100 and $300, given that today the small claims limit is $10,000 or less. UTAH CODE § 78A-8-102(1); *see also Utah Court System: Territorial Period, 1850–1896*, UTAH DIV. ARCHIVES & RECS. SERV., http://archives.utah.gov//research/guides/courts-system.htm#territorial-period [https://perma.cc/HE2N-DSWE] (last visited May 17, 2016) (describing one role of Justice of the Peace courts as handling "small claims disputes").

[3] Throughout the territorial period, there were various provisions discussing a defendant's jury demand in Justice of the Peace Courts. *See, e.g.*, An Act in Relation to Justices of the Peace, 1851 UTAH TERR. LAWS, § 8 (jury of six, if jury demanded), § 15 (jury demand fee required); An Act in Relation to Justices of the Peace, 1866 UTAH TERR. LAWS, § 8 (jury of six, if jury demanded), § 15 (jury demand fee required); 1876 UTAH COMP. LAWS, § 1086 (jury of six, if jury demanded), § 1091 (jury demand fee required), § 2313 (a "defendant may demand a trial by jury" in Justices' Court, referring back to, *inter alia*, §§ 1086, 1091); 1888 UTAH COMP. LAWS, § 3065 (six jurors in Justices' Courts).

[4] The provisions were substantively similar to the territorial laws. *See, e.g.*, 1898 UTAH REV. STAT. § 688 ("Justices' Courts" had jurisdiction over small claims matters for amounts "less than three hundred dollars"), § 999 (pay for jurors in Justices' Courts), § 1003

not until 1992, when the Utah legislature amended then-section 78-46-5 of the Utah Code, that a jury trial was disallowed in small claims cases. *See* Jury Use and Management Act, ch. 219, § 12, 1992 Utah Laws 821.

¶17 It is clear that at the time of the adoption of the Utah Constitution, small claims cases were indeed cognizable at law. That alone satisfies the standard initially set forth in *Zions Bank*. *See Jones*, 2015 UT 60, ¶ 43 ("[The] constitutional right to a jury trial . . . extends only to cases that would have been cognizable at law at the time the constitution was adopted." (second alteration in original) (citation omitted)). Moreover, jury demands in small claims justice courts were explicitly provided for in Utah's statutes for over a century. *Supra* ¶ 16. Therefore, Utah Code section 78B-1-104(4) is an unconstitutional deprivation of article I, section 10's guarantee of the right to jury trial in appeals from small claims judgments to district courts.

*B. Ms. Simler Properly Asserted and Preserved Her Right to a Jury Trial*

¶18 Rule 38(b) of the Utah Rules of Civil Procedure[5] provides that a party may make a jury demand by (1) "paying the statutory jury fee" and (2) "serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 14 days after the service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party." The statutory fee for a civil jury demand is $250. UTAH CODE § 78A-2-301(1)(s).[6]

---

(jury demand fee required in civil jury trial in Justices' Courts), § 1295 (number of jurors in Justices' Courts).

[5] We recognize that rule 81(c) of the Utah Rules of Civil Procedure states that the rules of civil procedure "shall not apply to small claims proceedings except as expressly incorporated in the Small Claims Rules" and that the Utah Rules of Small Claims Procedure do not expressly incorporate the rules pertaining to juries, including rule 38. We therefore suspend rule 81(c) insofar as it precludes incorporation of the jury-related rules of civil procedure to trials de novo on appeal from the small claims court, pending further action to align the Utah Rules of Small Claims Procedure with this opinion.

[6] While this reflects the current statutory language, Ms. Simler's required statutory jury demand fee in May 2014 would also have been $250, as the fee has been set at that amount since 2009. Civil Filing Fees, ch. 149, § 1, 2009 Utah Laws 552.

¶19   Ms. Simler filed an answer in the trial de novo proceeding, including a motion for a jury trial and a jury demand, which was served on opposing counsel that same day. The district court received and recorded the appropriate statutory jury demand fee. In filing her jury demand and serving it upon Ms. Chilel, and in paying the appropriate statutory fee, Ms. Simler properly availed herself of her right to a jury trial in the small claims trial de novo proceeding.

¶20   Additionally, Ms. Simler preserved her constitutional arguments with respect to her right to a jury in her Memorandum in Opposition to Plaintiff's Motion to Strike Answer, Jury Demand, and Discovery Requests. Specifically, Ms. Simler argued that "to deprive Defendant of a trial by jury in this de novo appeal would infringe on her constitutional rights and deprive her of due process." This allowed the district court the opportunity to rule on this issue and therefore preserved it. *See Baird v. Baird*, 2014 UT 08, ¶ 20, 322 P.3d 728 ("'We generally will not consider an issue unless it has been preserved' in the court below. Preservation turns on whether the district court 'has an opportunity to rule on [an] issue.'" (alteration in original) (citations omitted)).

## II. MS. SIMLER DID NOT PRESERVE HER DISCOVERY ARGUMENTS

¶21   Ms. Simler argues on appeal that the preclusion of all pretrial discovery in the district court infringed on her constitutional right to due process, open courts, and uniform operation of laws, as guaranteed by the Utah Constitution. However, unlike her jury-trial arguments, Ms. Simler did not properly preserve her constitutional arguments with respect to discovery. Ms. Simler asserts that she preserved this issue "by serving discovery requests . . . which were eventually stricken by the district court." This does not amount to presentation to the district court of a constitutional challenge to the rule.

¶22   Ms. Simler's opening brief further argues that she preserved the issue through her Memorandum in Opposition to Plaintiff's Motion to Strike Answer, Jury Demand, and Discovery Requests. However, a careful reading of that pleading shows that, while Ms. Simler raised the question of the constitutionality of the jury issue, she did not address the constitutionality of the discovery issue. The only arguments she raised went to the reasonableness and proportionality of the discovery and the relationship between discovery and the streamlined nature of the small claims process. We therefore decline to address Ms. Simler's constitutional issues as being inadequately preserved. *See Baird v. Baird*, 2014 UT 08, ¶ 20, 322 P.3d 728.

**CONCLUSION**

¶23 We conclude that article 1, section 10 of the Utah Constitution guarantees the right to a jury trial in a small claims trial de novo, and we therefore hold that Utah Code section 78B-1-104(4) is unconstitutional as applied to these types of cases. Because Ms. Simler properly asserted and preserved the right to a jury trial, that portion of the district court's order striking Ms. Simler's motion and demand for jury trial is hereby reversed. Due to lack of preservation, we do not address Ms. Simler's constitutional arguments with respect to discovery, and therefore that portion of the district court's order is affirmed.