*This opinion is subject to revision before final publication in the Pacific Reporter*

**2025 UT 20**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

JENCO, LC; DEAN GARDNER INVESTMENT, LC; and
F.M. SNOW PROPERTIES, LLC,
*Appellees,*

*v.*

VALDERRA LAND HOLDINGS, LLC,
*Appellant.*

No. 20241230
Heard May 14, 2025
Filed July 10, 2025

On Direct Appeal

Fifth District Court, Washington County
The Honorable Keith C. Barnes
No. 210500876

Attorneys:

Thomas J. Burns, Katherine E. Pepin, Salt Lake City, for appellees

Lewis P. Reece, Devon J. Herrmann, St. George, for appellant

JUSTICE POHLMAN authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE PEARCE,
JUSTICE PETERSEN, and JUDGE OLIVER joined.

Having recused herself, JUSTICE HAGEN does not participate
herein; COURT OF APPEALS JUDGE AMY J. OLIVER sat.

JUSTICE POHLMAN, opinion of the Court:

## INTRODUCTION

¶1    Valderra Land Holdings, LLC owns real property that is
encumbered by a performance trust deed held for the benefit of

Jenco, LC and others.[1] After Valderra defaulted on certain of its obligations to Jenco, Jenco sought judicial foreclosure of the property. Valderra responded with a counterclaim, arguing that it had a right to cure its default and joining Jenco in seeking the court's determination of the amount owed. The district court ultimately entered an order setting the payoff amount and directing Jenco to instruct the trustee to reconvey the property upon Valderra's tender of funds.

¶2    Jenco, however, did not instruct the trustee to release the trust deed as ordered. Instead, when Valderra tendered the payoff amount, Jenco appealed the judgment and moved the court for a stay of the obligation to reconvey the property, invoking rule 62(b) of the Utah Rules of Civil Procedure. Over Valderra's objection, the court ordered a stay during the pendency of Jenco's appeal.

¶3    In this separate appeal, Valderra contends that the district court erred in granting the stay under rule 62(b). Valderra argues that because the portion of the underlying judgment at issue—the order directing Jenco to have the property reconveyed—is injunctive in nature, Jenco was not entitled to a stay under that rule. Valderra reasons that rule 62(b) applies only to stays of orders or judgments to pay money, not injunctive orders, which are governed by rule 62(c). Valderra further asserts that this error matters because the court granted the stay as a matter of right and did not determine whether the "conditions for the security of the rights of the adverse party . . . are just." *See* UTAH R. CIV. P. 62(c). We agree with Valderra and reverse based on this threshold error.

## BACKGROUND[2]

*The Litigation and Judgment*

¶4    Valderra owns real property in Washington County, Utah, that is encumbered by a performance trust deed. The trust deed secures Valderra's obligations to make certain payments to Jenco related to the sale of lots and to pay taxes associated with the real property.

---

[1] There are three beneficiaries of the trust deed: Jenco, LC; Dean Gardner Investment, LC; and F.M. Snow Properties, LLC. For simplicity, we refer to them collectively as Jenco.

[2] In the absence of factual findings or an order identifying undisputed material facts, we derive this background from the undisputed factual allegations in the parties' pleadings.

¶5    Jenco is the beneficiary of the trust deed, and, after Valderra defaulted on its obligations by not paying property taxes, Jenco filed a complaint for judicial foreclosure. Jenco also sought a declaration that Valderra owed Jenco $1,270,061.54 in principal, plus interest, costs, and attorney fees.

¶6    Valderra answered Jenco's complaint, admitting that it owed the principal amount Jenco claimed. Valderra also filed a counterclaim, seeking a determination of the payoff amount along with an order requiring Jenco to instruct the trustee to reconvey the property to Valderra upon its tender of funds.

¶7    At Valderra's request, the district court entered judgment on the pleadings. It ordered that "upon tender of $1,270,061.54 to [Jenco], plus interest, costs and reasonable attorney's fees . . . , [Jenco] shall instruct the [current] trustee to reconvey the property" to Valderra. After the court determined the amount of interest and attorney fees, Jenco appealed the judgment, raising issues about the reconveyance and the calculations of interest and attorney fees. That separate appeal remains pending.

*Jenco's Motion to Stay*

¶8    Meanwhile, in June 2024, Valderra tendered the payoff amount to Jenco via cashier's check. Three months later, instead of instructing the trustee to proceed with reconveyance as required by the court's order, Jenco filed an ex parte motion to stay the judgment's enforcement, invoking rule 62(b) of the Utah Rules of Civil Procedure.[3] It also delivered Valderra's cashier's check to the district court as security.

¶9    Within hours of Jenco's filing of the motion, Valderra filed an objection and moved to strike it.[4] Citing rules 7(*l*) and (m) of the Utah Rules of Civil Procedure, Valderra argued that it was improper for Jenco to file its motion to stay ex parte and to seek a

---

[3] Jenco labeled the motion ex parte and simultaneously submitted it for decision, inviting the district court to grant the motion without awaiting Valderra's response. *See* UTAH R. CIV. P. 7(g) ("When briefing is complete or the time for briefing has expired, either party may file a 'Request to Submit for Decision,' . . . .").

[4] Although Jenco labeled its motion ex parte, Valderra received notice of the filing because it was served through the court's electronic filing system.

ruling without allowing Valderra time to respond. Valderra further explained that the court must account for the harm it would suffer if the trust deed continued to encumber the property during the appeal.

¶10 The next day, Jenco filed an opposition to the motion to strike and to Valderra's objection, defending its filing. Jenco characterized Valderra's objection as "patently specious and unsupported" and invited the court to enter the stay as requested. And ten days later, before the fourteen days had run for Valderra to file its opposition memorandum,[5] Jenco again submitted the matter for decision.

¶11 Valderra objected to the second notice to submit, stating that it intended to file an opposition according to the usual timeline if the court declined to strike Jenco's ex parte motion. And a few days later, Valderra filed that response, arguing that rule 62(b) was inapplicable because "Jenco is not obligated to pay money under the Order it seeks to stay." Valderra asserted that Jenco instead needed to seek relief under rule 62(c), because the relevant order was injunctive as it required Jenco to do something, namely, instruct the trustee to reconvey the property. Valderra also reiterated that without reconveyance, its development of the property would be impeded, which would harm it financially while the appeal proceeded. Valderra further argued that the cashier's check offered by Jenco as security was insufficient to protect its interests.

¶12 After a few additional filings, the district court granted Jenco's motion to stay. The court did not appear to have considered Valderra's opposition memorandum or the filings that followed. The court's initial ruling referred to Jenco's second notice to submit, which identified only Jenco's ex parte motion, Valderra's motion to strike and objection, and Jenco's opposition memorandum as the relevant filings. But the court's subsequent and more detailed

---

[5] *See id.* R. 7(d)(1) (permitting a nonmoving party to file a memorandum opposing a motion within fourteen days after the motion is filed).

order, which Jenco prepared, incorporated some of Jenco's subsequent arguments.[6]

¶13   After the district court entered its ruling, Valderra filed an objection under rule 62(i), in which it requested a hearing and argued that the amount of security provided for the stay entered under rule 62(b) was insufficient. At Jenco's invitation, the court treated Valderra's filing as a motion to reconsider the court's decision granting the ex parte motion to stay. Viewing the rule 62(i) objection as "nothing other than a repetition of earlier efforts," the court declined to "revisit the decision."

¶14 Valderra appealed the stay and requested expedited review, which we granted.

## ISSUE AND STANDARD OF REVIEW

¶15 Valderra contends that the district court erred in its application of rule 62 of the Utah Rules of Civil Procedure by granting as a matter of right Jenco's motion for stay of the court's order requiring reconveyance of the trust deed. Both sides agreed in their briefing that this issue involves the application and interpretation of a rule of civil procedure and that we should review the district court's decision for correctness.[7] *See Simler v. Chilel*, 2016 UT 23, ¶ 9, 379 P.3d 1195.

---

[6] Jenco incorporated into the proposed order arguments it had made in a memorandum that was not identified as a basis for the court's ruling. The court, however, signed that order, and so we review it as the operative decision.

[7] Jenco asserted at oral argument that appellate courts review a district court's grant of a stay for abuse of discretion. Although we have indicated that a decision to stay enforcement of a judgment is discretionary, *see Utah Res. Int'l, Inc. v. Mark Techs. Corp.*, 2014 UT 60, ¶ 11, 342 P.3d 779, the applicable standard of review depends on the nature of the challenge under review. Here, Valderra argues that the court misapplied rule 62. Because "[m]isapplication of the law constitutes an abuse of discretion," *State v. Boyden*, 2019 UT 11, ¶ 19, 441 P.3d 737, correctness is the appropriate standard of review, *see State v. Levin*, 2006 UT 50, ¶ 20, 144 P.3d 1096 (explaining that "an appellate court reviews a trial court's conclusions of law for correctness").

## ANALYSIS

¶16 Our procedural rules allow a party who appeals an adverse judgment to seek a stay of its enforcement for the duration of the appeal. Rule 8 of the Utah Rules of Appellate Procedure generally requires that a party first ask the district court for the stay. *See* UTAH R. APP. P. 8(a)(2). And the standards and other requirements governing such a request are found in rule 62 of the Utah Rules of Civil Procedure.

¶17 Valderra challenges the district court's order granting Jenco's ex parte motion for a stay of its reconveyance obligation pending Jenco's appeal of the court's judgment. Valderra contends that Jenco was not entitled to a stay under rule 62(b) and that, rather, Jenco needed to move under rule 62(c), which affords the court discretion and requires it to consider Valderra's interests and whether the conditions for the stay "are just." *See* UTAH R. CIV. P. 62(c).

¶18 We agree with Valderra that the district court erred in granting a stay under rule 62(b). We also conclude that this error harmed Valderra, and thus the stay and the court's related order must be set aside.

I. THE DISTRICT COURT ERRED IN GRANTING JENCO A STAY UNDER RULE 62(b)

¶19 As stated, rule 62 provides the standards and other requirements that govern requests for the stay of proceedings to enforce a judgment or order. In doing so, the rule differentiates between a stay of the enforcement of "a judgment or order to pay money" and the suspension of "an injunction." UTAH R. CIV. P. 62(b)–(c). The former is governed by paragraph (b) and the latter by paragraph (c).

¶20 First, rule 62(b). Unless otherwise prohibited by law or the court's rules, the rule allows a party to "obtain a stay of the enforcement of a judgment or order to pay money by providing a bond or other security." *Id.* R. 62(b). The rule generally does not vest the district court with discretion to deny such a stay, and so some have referred to a stay to enforce a money judgment as a matter of right.[8] *See, e.g.*, *Jensen v. Schwendiman*, 744 P.2d 1026, 1027

---

[8] We say "generally" because rule 62(b) includes a subpart—62(b)(2)—which vests the court with discretion to stay certain

(continued . . .)

(Utah Ct. App. 1987) (per curiam) (stating "a money judgment will be stayed as a matter of right upon posting a supersedeas bond" under an earlier version of rule 62); *see also* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2905, Westlaw (database updated May 2025) (discussing federal rule 62).

¶21 But although rule 62(b) generally allows a party to secure a stay of a money judgment or order as a matter of right, rule 62 affords the nonmoving party some protection. With a few exceptions, the rule requires the court to "set the bond or other security in an amount that adequately protects the adverse party against loss or damage occasioned by the stay," UTAH R. CIV. P. 62(h)(1), and it allows the adverse party to object to and receive a hearing on the sufficiency of the security, *id.* R. 62(i).

¶22 Next, rule 62(c). While rule 62(b) applies to the stay of money judgments or orders, rule 62(c), in comparison, concerns the stay of an injunctive order during an appeal. It states, in relevant part, "When a party . . . takes an appeal from a judgment[] granting . . . an injunction, the court in its discretion may suspend . . . an injunction during the pendency of appellate proceedings upon such conditions for the security of the rights of the adverse party as are just." *Id.* R. 62(c). Thus, a party may move under rule 62(c) to suspend an injunctive order, but the court retains discretion to grant or deny such a request, and if the court opts to grant the request, the rule requires the court to set "just" conditions securing the nonmoving party's rights. *Id.*

¶23 We conclude that rule 62(b) does not apply here. We recognize that the district court's order required the payment of money; that is, it required Valderra to tender the payoff amount to Jenco. But that is not the order Jenco sought to stay. Jenco, having already received Valderra's tender, sought to stay the order requiring it to instruct the trustee to reconvey the property. That order is not an "order to pay money," *id.* R. 62(b), and thus rule 62(b), by its terms, does not apply.

¶24 Further, we share Valderra's view that Jenco's motion should have been brought, if at all, under rule 62(c). We agree that,

_____

orders and, in some cases, for only a limited time. This subpart is not implicated here, and when we refer to rule 62(b) in this opinion, we refer to its application generally and not its more specific application under rule 62(b)(2).

as Valderra puts it, "When an order commands a party to perform an action, like instructing a trustee to reconvey property, the order is injunctive." *See Injunction*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining an injunction as "[a] court order commanding or preventing an action"). Here, the relevant part of the order that Jenco is subject to, and which it sought to suspend, is an order commanding it to act. Thus, although that order isn't labeled as an injunction, it is injunctive in nature and falls naturally within rule 62(c).[9]

¶25  The district court did not perceive this distinction, and it incorrectly adopted Jenco's view that rule 62(b) applied and that Jenco was "entitled to a stay" of its reconveyance obligation as a matter of right. The court began by appropriately recognizing that rule 62 "authorizes the use of 'other security' including cash . . . to 'preserve the status quo pending the outcome of the case.'" (Quoting *Rothwell v. Rothwell*, 2023 UT App 51, ¶ 4, 530 P.3d 955.) But the court took a wrong turn when it overlooked the plain language of rule 62(b) and instead relied on federal law applying a former federal analog to Utah's rule 62.

¶26 To the extent Utah's rules and the federal rules "are similarly worded," we at times "turn to the federal rules . . . and

---

[9] Courts applying the provision currently housed in federal rule 62(d)—a provision akin to Utah's rule 62(c)—have reached the same conclusion. *See, e.g.*, *J. Perez & Cia., Inc. v. United States*, 747 F.2d 813, 814–15 (1st Cir. 1984) (stating that under federal rule 62, a case about "an agency's suspension order . . . is more naturally viewed as a case involving an order to do, or not to do, something (that is, involving something like an injunction) rather than a case involving a money judgment"); *Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F. Supp. 2d 186, 188–89 (S.D.N.Y. 2007) (analyzing a motion under the part of rule 62 applicable to injunctions and not the part applicable to money judgments because the relevant order was an order "to do an affirmative act—namely, to return the surety bond" (cleaned up)); *In re Fullmer*, 323 B.R. 287, 291–92 (Bankr. D. Nev. 2005) (concluding that injunctions under federal rule 62 "include injunctions requiring specific performance"); *Gov't Guarantee Fund of Fin. v. Hyatt Corp.*, 167 F.R.D. 399, 400–01 (D.V.I. 1996) (explaining that an order requiring a corporation to vacate a hotel "was in the nature of an injunction" and thus applying the provision of federal rule 62 for injunctions).

cases interpreting them for . . . guidance." *Arbogast Fam. Tr. v. River Crossings, LLC*, 2010 UT 40, ¶ 16, 238 P.3d 1035 (cleaned up). However, before relying on federal law, courts must first "look to the express language" of Utah's rule. *Id.* (cleaned up). And where Utah's rule is materially different from the analogous federal rule, federal caselaw offers limited guidance.

¶27 Here, the district court concluded that Jenco was "entitled to a stay" based on its observation that "[f]ederal courts have made clear that the reach of Federal Rule 62(b) goes beyond money judgments" and that "[s]tays are granted as a matter of right upon the posting of such security." But the federal version of rule 62(b) does not include the "judgment or order to pay money" phrase found in Utah's version of the rule.[10] *Compare* FED. R. CIV. P. 62(b), *with* UTAH R. CIV. P. 62(b). Thus, these federal cases do not inform the application of Utah's rule 62(b).

¶28 Despite having provided the federal cases to the district court, Jenco does not defend on appeal the court's reliance on them. Instead, Jenco asserts generally that Utah's rule 62(b) "allows a party to seek the stay of a judgment or an order." But in making its argument, Jenco neglects to address the qualifier embedded in rule 62(b), which generally limits its application to judgments or orders "*to pay money.*" UTAH R. CIV. P. 62(b) (emphasis added). And because that qualifier limits rule 62(b)'s application, the court erred in granting Jenco's motion to stay.

II. VALDERRA WAS PREJUDICED BY THE DISTRICT COURT'S ERROR

¶29 Our civil rules require that we "disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." UTAH R. CIV. P. 61. Said differently, we will not reverse a district court's decision where its error is so "sufficiently inconsequential that there is no reasonable likelihood that it affected the outcome of the case." *Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14, ¶ 22, 70 P.3d 35 (cleaned up).

---

[10] Compared to Utah's rule, the current version of federal rule 62(b) speaks in more general terms, stating, "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security." FED. R. CIV. P. 62(b). The cases cited by the district court—some nearly forty years old—applied previous versions of the federal rule, none of which contained the relevant language of Utah's rule 62(b).

¶30 Valderra contends that its substantial rights were affected by the district court's error. It argues that because the court granted Jenco's motion as a matter of right under rule 62(b), it "failed to ask the preliminary question of whether any stay was proper at all." Valderra also asserts that had Jenco brought its motion under 62(c), the court would have had to consider whether the payoff amount would provide adequate protection against the financial harm Valderra would suffer from the continued encumbrance of its property. Jenco responds that even if the court erred in its application of rule 62(b), "the outcome would have been the same."

¶31 We agree with Valderra that it was prejudiced by the district court's error. Specifically, we conclude that the result would have been different because if the court had correctly applied rule 62, it is reasonably likely that it would have denied Jenco's motion, which was brought exclusively under rule 62(b).

¶32 Jenco argued that the rule entitled it to a stay as a matter of right, and that the court need not even await Valderra's response.[11] Jenco also presumed that its proffered security—the tendered payoff funds—was sufficient, and it made no attempt to show that its suggested conditions for the stay were just. *See* UTAH R. CIV. P. 62(c). The court accepted Jenco's claim that its motion was appropriately filed under rule 62(b), and it granted the motion to stay without addressing Valderra's concerns. Had the court correctly applied rule 62, it would have concluded that rule 62(b) did not apply because Jenco did not seek a stay of an order to pay money, and thus it's reasonably likely that it would have denied the motion and the stay outright.

---

[11] We pause to note that we agree with Valderra that Jenco was wrong to file the motion ex parte; Jenco has not identified a statute or rule permitting the motion to be filed as such. *See* UTAH R. CIV. P. 7(m) (allowing ex parte motions if permitted by a "statute or rule"). Similarly, we agree with Valderra that our rules do not authorize action on a motion to stay without awaiting a response. *See id.* R. 7(*l*)(1). Rule 7(*l*)(1) identifies four specific motions that may be acted upon without response. *Id.* R. 7(*l*)(1)(A)–(D) (identifying motions to allow an overlength filing, to extend time, to admit an attorney pro hac vice, and for a pretrial conference). And the rule includes a catch-all for "other similar motions." *Id.* R. 7(*l*)(1)(E). But a motion to stay a judgment affects substantive rights and is unlike the four housekeeping motions identified in that rule.

¶33  Further, even if the court had, on its own, evaluated the motion under rule 62(c), it is reasonably likely that the outcome still would have been different because the process would have been different. The court would have had the opportunity to exercise its discretion and to consider whether Jenco's proposed stay was necessary and whether its terms were adequate to protect Valderra's rights. It seems that under those circumstances, it is at least reasonably likely that if a stay had been granted, it would have been on different terms.

III. WE VACATE THE DENIAL OF VALDERRA'S RULE 62(i) OBJECTION AND DENY VALDERRA'S REQUEST FOR APPELLATE ATTORNEY FEES

¶34  As two final matters, we address Valderra's challenge to the district court's denial of its rule 62(i) objection and its request for attorney fees arising from this appeal.

¶35  First, regarding Valderra's rule 62(i) objection, we vacate in its entirety the district court's order rejecting Valderra's objection. The court's order granting Jenco's motion for a stay under rule 62(b) infected its consideration of Valderra's rule 62(i) objection—an objection only made necessary because of the court's misapplication of rule 62(b). Thus, although the merits of that decision are mooted by our reversal of the court's order granting the ex parte motion for a stay, we vacate that decision and foreclose any suggestion that decisions embedded in that order are binding in any future proceeding.[12] If Jenco seeks a stay under rule 62(c), the court should consider that request on a clean slate.[13]

¶36 Second, Valderra requests an award of its reasonable attorney fees arising from this appeal. Valderra states that "attorney fees were awarded below in the district court's final

---

[12] The district court was required to hold a hearing on Valderra's objection to the sufficiency of the security when the court was proceeding under rule 62(b). *See supra* ¶ 21. But because we reverse the court's rule 62(b) decision, we need not further address its failure to hold a hearing.

[13] Relatedly, in this appeal, Valderra has invited us to instruct the district court on issues relating to what damages could be available to Valderra arising out of the non-reconveyance of the trust deed. We decline this invitation because these issues are not properly before us and must first be adjudicated, if at all, in the district court.

judgment," and it cites *Cougar Canyon Loan, LLC v. Cypress Fund, LLC*, 2019 UT App 47, 440 P.3d 884, for the rule that appellate courts ordinarily award appellate attorney fees "when a party was awarded fees . . . below and then prevails on appeal." *Id.* ¶ 15 n.11 (cleaned up).

¶37 The rule Valderra cites applies when the party claiming fees on appeal "was awarded attorney fees below . . . and prevails on the issue that served as the basis for the award." *UMIA Ins. v. Saltz*, 2022 UT 21, ¶ 68, 515 P.3d 406. Although Valderra has prevailed in this appeal, it was not awarded fees below—Jenco was. Thus, the rule Valderra invokes is not satisfied, and we accordingly deny its request. *See id.*

## CONCLUSION

¶38 Jenco sought to stay the enforcement of an injunctive order requiring it to reconvey a trust deed, so it was not entitled to a stay under rule 62(b), which applies to orders to pay money. Accordingly, we reverse the district court's grant of Jenco's rule 62(b) motion and vacate its order rejecting Valderra's objection filed under rule 62(i).